JAMES L. SHARP, Respondent, v. DAVID J. HUTCHINSON,
Impleaded, etc., Appellant.

Where, because of a failure to comply with the provisions of the statute in
reference to limited partnerships, a special partner has become liable for
the firm debts, the same as if he was a general partner, in an action
against the members of the firm upon a partnership debt, it is not neces-
sary for plaintiff to allege in his complaint the attempt to form a limited
copartnership, and the special defects which rendered the special partner
liable ; it is sufficient to charge him as a general partner, and upon the
trial to show that, as to creditors, he is such.

(Argued October 26, 1885; decided November 24, 1885.)

APPEAL from order of the General Term of the Superior
Court of the city of New York, made February 19, 1883,
which reversed a judgment in favor of defendant Hutchinson,
entered upon an order dismissing the complaint as to him on
trial. (Reported below, 17 J. & S. 50.)

The nature of the action and the material facts are stated in
the opinion.

*George H. Forster* for appellant. When the certificate of
partnership offered by the plaintiff was received in evidence the
whole certificate was properly taken together, which showed
that Hutchinson became a special partner only. (*Hopkins* v.
*Smith*, 11 Johns. 161; *Halliday* v. *McDougall*, 20 Wend. 81;
*Smith* v. *Griffith*, 3 Hill, 333 ; *Burnett* v. *Snyder*, 76 N. Y.
344.) The Code requires of a plaintiff that his complaint shall
contain a plain and concise statement of the facts constituting
each cause of action. The plaintiff was permitted to prove
each and every fact contained in his complaint. That was all
he could be permitted to prove against defendant's objection.
(*Mann* v. *Morewood*, 5 Sandf. 557 ; *Lieman* v. *Lincoln*, 2
Duer, 670 ; *Hilsen* v. *Libby*, 44 N. Y. Super. Ct. 12; Moak's
Van Santv. Pl. 12 ; *Allen* v. *Patterson*, 7 N. Y. 478 ; *Wright* v.
*Hooker*, 10 id. 59 ; *Hudson* v. *Swan*, 83 id. 552 ; *Southwick*

v. *First Nat. Bank*, 84 id. 428 ; *Cook* v. *Warren*, 88 id. 40 ; *Fuller* v. *Lewis*, 3 Abb. Pr. 383 ; *Durant* v. *Abendroth*, 97 N. Y. 132.) Under the law as it has been since 1852 the complaint must state every fact, which the plaintiff must prove to enable him to maintain his action, and which the defendant has a right to controvert in his answer. (*Allen* v. *Patterson*, 7 N. Y. 478 ; *Wright* v. *Hooker*, 10 id. 59 ; *Hudson* v. *Swan*, 83 id. 552 ; *Southwick* v. *First Nat. Bank*, 84 id. 428 ; *Cook* v. *Warren*, 88 id. 40 ; *Fuller* v. *Lewis*, 3 Abb. Pr. 383 ; *Mann* v. *Morewood*, 5 Sandf. 564 ; Moak's Van Santv. Pl. 173 ; *Lieman* v. *Lincoln*, 2 Duer, 671 ; *Adams* v. *Mayor, etc.*, 4 id. 306.)

*Roderick Robertsons* for respondent. A special copartnership is a creature of statute, and as the statute was enacted for the benefit of the would-be special partner the latter is held to a strict compliance with the statutory provisions as a condition of his exemption from liability as a general partner. (*Durant* v. *Abendroth*, 97 N. Y. 132 ; *Haviland* v. *Chase*, 39 Barb. 283 ; Pars. on Part. 535, 582 ; *Hogg* v. *Ellis*, 8 How. Pr. 470.) The plaintiff had a right to show that defendants had not complied with the requirements of the statute governing the procedure necessary to be observed in order to effect the creation of a special copartnership. (*Andrews* v. *Schote*, 10 Barr, 51 ; *Van Dyke* v. *Rasskam*, 67 Penn. St. 333 ; *Pierce* v. *Bryant*, 5 Allen, 91 ; *Durant* v. *Abendroth*, 97 N. Y. 132 ; *Haviland* v. *Chase*, 39 Barb. 283.) Plaintiff had a right to know whether or not the would-be special partner had paid in his special capital. (*Madison Co. Bk.* v. *Gould*, 5 Hill, 309.) The certificate and affidavit must be strictly truthful. (*Durant* v. *Abendroth*, 97 N. Y. 132 ; *Haviland* v. *Chase*, 39 Barb. 283 ; 69 N. Y. 148 ; *Van Ingen* v. *Whitman*, 62 Barb. 518 ; *Stone* v. *De Puga*, 4 Sandf. 681.)

EARL, J. In April, 1880, the defendants attempted to form a limited copartnership for the purpose of carrying on business in the city of New York under the firm name of Hogg & Patterson, the defendant Hutchinson being the special partner.

Thereafter the plaintiff sold the firm certain goods, and this action was brought against all the members of the firm to recover the price of such goods. The defendant Hutchinson alone defended, setting up as his answer the formation of the limited copartnership, and claiming exemption from liability under the statute as a special partner.

The plaintiff in his complaint alleged a cause of action against the defendants as copartners, making no mention of the attempt to form a limited copartnership ; and upon the trial he proved the sale of the goods to the firm, and then introduced in evidence the certificate and papers filed for the formation of the limited copartnership, from which it appeared that Hutchinson contributed to the capital of the firm $10,000 ; and then he offered to prove that he in fact contributed only $8,000. Upon the objection of Hutchinson's counsel this proof was rejected on the sole ground that it was not within the issue. The view of the trial judge was that the complaint, instead of treating Hutchinson as a mere general partner, should have been based upon the statute alleging the special defects in the formation of the limited copartnership.

In this there was error. If the proof had been received it would have shown that Hutchinson never in fact became a special partner, but that he was from the beginning a general partner, and liable as such. (2 R. S., chap. 4, tit. 1, § 8.) The cause of action against him was not based upon the statute, but upon his common-law liability as a general partner, and hence it was proper, in setting forth in the complaint the facts constituting plaintiff's cause of action, to charge him as a general partner, and then upon the trial to show that he was such by any competent proof.

The General Term was, therefore, right in reversing the judgment of the Special Term, and its order should be affirmed and judgment absolute ordered for the plaintiff, with costs.

All concur.

Order affirmed and judgment accordingly.