By the Court.
O’Gorman, J.
—(After stating the facts as above).—The evidence is sufficient to sustain the plaintiff’s contention that the defendants were general partners, for the cause set forth in the complaint.
Of the amount of $10,000 stated to have been paid into the funds of the firm by Hutchinson, only $8,000 was actually paid, and as to the remaining $2,000, he returned a note made by Hogg individually for that amount, which was put to the credit of Hutchinson on the books of the new firm. This is not a compliance with the requirements of the law (Sharp v. Hutchinson, 100 N. Y. 533 ; Durant v. Abendroth, 97 Ib. 132 ; Maginn v. Lawrence, 45 Super. Ct. 235).
The only material question which remains is whether the plaintiff is not estopped from taking advantage in this action of the defendant’s failure to create a limited partnership.
The proceedings in the court of common pleas, on which defendant Hutchinson relies, proceeded necessarily on the assumption that the assignment made by Hogg & Patterson as general partners, was a valid assignment.
A referee was appointed to fake proof, who found, among other things, that Hogg, Patterson & Hutchinson were engaged in business under the firm name of Hogg & Patterson, but that the issue as to whether Hutchinson was a general or a special partner in said firm was not tried or determined by the referee.
The plaintiff appeared on the reference, and offered to prove the failure of Hutchinson to comply with the requirements of the law as to the creation of special partnership, which proof was excluded by the referee on the objection of counsel for Hutchinson, and on the ground that the question whether or not Hutchinson was liable to creditors as a general partner could not be tried on that *491 reference. On the return of the citation, duly issued, requiring the creditors of the firm to appear in court and attend to the final settlement of the assignee’s accounts, the plaintiff appeared by counsel, but “without prejudice to its right to claim in any suit or proceeding that the firm of Hogg & Patterson was not a special or limited partnership, but a general one, and without waiving any right to proceed against the general partnership.” In the order of the court of common pleas, confirming the referee’s report, it is set forth that the issue as to whether Hutchinson was a general or special partner in said firm was not tried or determined by the referee, and was not passed on by the court.
There is here, therefore, direct and ample evidence that the question was not only not litigated, but was expressly excluded from the consideration of that court and of the referee. Indeed, the consideration of any question as to the validity or invalidity of the assignment was foreign to his functions, which were only to ascertain how the provisions of the assignment should be legally carried out (Re Holbrook, 99 N. Y. 539).
The objection that plaintiff, by electing to take advantage of the proceedings to give effect to the assignment, and by accepting and receiving from the assignee payment of a part of its claim, has disabled itself from maintaining this action, is without merit.
The plaintiff’s contention here is that the proceedings in the court of common pleas, were, strictly speaking, in rem; that the assignment was void because all the general partners had not joined in executing it; that the property in the hands of the assignee was still the property of the firm of Hogg & Patterson, and that the plaintiff has always expressly reserved all its rights to all remedies against the partners in another action.
Its acceptance of money from the assignee of two of the partners, in part payment of the indebtedness of the firm to it, is not, under the circumstances of this case, a waiver of any other claim, nor does it preclude it from *492 suing all the partners in another action and recovering any balance remaining due (Durant v. Abendroth, 97 N. Y. 132).
The judgment and order must be affirmed, with costs.
Sedgwick, Oh. J., and Trtjax, J., concur.'