EZEKIEL Y. BELL, as Assignee, etc., of HENRY LAWRENCE &
Sons, Respondent, *v.* EDWARD L. MERRIFIELD, Appellant.

The formal relief asked in a complaint is not controlling in determining
the nature of the action, and where an answer is interposed the court
will grant the judgment which shall be consistent with the case made by
the complaint and embraced within the issues, if sustained by the
evidence, irrespective of the relief demanded.

The complaint herein alleged, in substance, the formation of a special
partnership, in which defendant was the special partner; that the firm
was indebted to plaintiff, upon which indebtedness a judgment had
been recovered, an execution issued thereon and returned unsatisfied;
that defendant withdrew from the assets of the firm while it was
insolvent the capital contributed by him and certain alleged profits
which had not been made; that this was done to give an illegal prefer-
ence to defendant as a creditor. A judgment was demanded against
defendant, as a general partner, for the amount of money so wrongfully
taken by him from the assets of the insolvent firm. *Held*, that all the
facts necessary to make out a cause of action of an equitable nature, were
alleged, and it could be treated as one in the nature of a creditor's bill;
that the mere fact that a money judgment was asked for did not make
the case one for a trial by jury under the Code of Civil Procedure (§ 968.).

Statement of case.

In a former action between the same parties the plaintiff claimed to recover from defendant, as a general partner, on the grounds that he had failed to contribute his capital to the firm in cash, and had withdrawn certain assets from the firm when it was insolvent. The answer set up the special partnership. A judgment therein was rendered for plaintiff against all the defendants. The defendant here appealed, the General Term reversed the judgment as to him, and, on appeal to this court the order was affirmed and judgment absolute rendered in his favor. This was pleaded as a bar to this action. *Held*, untenable; that the two causes of action were not identical, nor were the facts upon which this action is based litigated in the former suit, the defendant's liability in the present action resting upon the facts, that he was a special partner, and that a judgment had been recovered against the general partners on which an execution had been issued and returned unsatisfied, while in the former suit he was sought to be charged as a general partner.

A judgment is final and conclusive upon all matters which might have been litigated and decided in the action and as to matters which might been used as a defense in that action, which, if again considered, would involve an inquiry into the merits of the former judgment.

While a valid judgment upon a question directly involved in a suit is conclusive evidence as to that question in any other suit, although for a different cause of action between the same parties, it must appear, either by the record in the former suit or by extrinsic evidence, that the precise question was raised and determined therein. This burden rests with the party who endeavors to make use of the judgment as conclusive evidence upon that point.

(Argued March 6, 1888; decided April 10, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made February 2, 1886, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

The complaint in this action alleged, in substance, the formation of a limited partnership, in which defendant was the special partner; that said firm incurred an indebtedness to plaintiff's assignors, and in an action thereon recovered judgment against the general partners, upon which execution was issued and returned unsatisfied; that said firm was insolvent, and while so insolvent and indebted to said assignors, the defendant was paid and withdrew from the copartnership assets the amount contributed by him as special capital, and

was also paid and received a further sum as his share of pretended profits, when in fact there were no profits to be divided; that such transfers and payments were made with the intent of giving a preference to defendant, as a creditor of the firm, and in fraud of the rights of plaintiffs and other creditors of the firm. The judgment demanded was "that said defendant be adjudged liable, as a general partner of said firm," and that plaintiffs have judgment for a sum stated, which was the amount alleged to have been so withdrawn by defendant from the firm assets. The defendant, among other things, pleaded a former judgment in bar, the nature of which is set forth in the opinion. The case was moved for trial at Special Term. Defendant demanded a jury trial, and asked that the case be sent to the Circuit for that purpose, which motion was denied and defendant excepted.

The court found the facts substantially as alleged in the complaint.

Further material facts are stated in the opinion.

*John E. Parsons* for appellant. The facts alleged make out a case of liability by the defendant as a general partner. (2 R. S. 766, § 22; *Bell* v. *Merrifield*, 28 Hun, 219; *Madison County Bank* v. *Goudt*, 5 Hill, 309, 314; *Sharp* v. *Hutchinson*, 100 N. Y. 533.) The liability, as stated in the complaint, is that of a general partner. The only relief asked is a money judgment. Such an action must be tried by a jury. (Code, § 968; *Clark* v. *Blumenthal*, 52 Sup. Ct. 355; *Wheelock* v. *Lee*, 74 N. Y. 495, 500.) The right to a jury trial is substantial. (Const. art. 1, § 2; *Bradley* v. *Aldrich*, 40 N. Y. 504; *Sage* v. *Mosher*, 28 Barb. 287; *Barnes* v. *Quigley*, 59 N. Y. 265, 268; *Reeder* v. *Sayre*, 70 id. 180, 190; *Robertson* v. *Robertson*, 9 Daly, 44, 57; affirmed 83 N. Y. 639; *Sheldon* v. *Adams*, 18 Abb. Pr. 405.) The judgment in the Superior Court suit was a bar if the action were treated as a suit at law. It was a bar in any event. (*Smith* v. *Smith*, 79 N. Y. 634; *Jordan* v. *Van Epps*, 85 id. 427, 436; *Growell* v. *County of Sac*, 94 U. S. 351.) The test of identity

is not the theory upon which the pleader adduces the evidence, nor the forum to which he presents it, but whether the same evidence will support the two suits. (*Rice* v. *King*, 7 Johns. 20; *Stowell* v. *Chamberlain*, 60 N. Y. 272; *Gregory* v. *Burrall*, 2 Edw. Ch. 417; *Steinbach* v. *Ins. Co.*, 77 N. Y. 498; *Giles* v. *Caldwell*, 2 Wall. [U. S.] 35; *Oglesby* v. *Attril*, 20 Fed. Rep. 570.) The judgment in the Superior Court suit was a bar to the action if tried at the Special Term. (Code, §§ 1008, 3339.) It would have been error for the Special Term, upon the pleadings as they were, to have tried the case, as in the nature of a creditor's bill, it was error for the General Term to uphold the judgment as being justified, if the action had been in the nature of a creditor's bill. The effect was to deprive the defendant of a trial. (*Wright* v. *Delafield*, 25 N. Y. 266, 270; *Arnold* v. *Angell*, 62 id. 508; *People's Bank* v. *Mitchell*, 73 id. 406; *Volkening* v. *De Graaf*, 81 id. 268; *Neudecker* v. *Kohlberg*, Id. 296; *Southwick* v. *First Nat. Bank of Memphis*, 84 id. 420, 429.) The plaintiff failed to make out a case, even if the suit were not barred and were treated as in the nature of a creditor's bill. The law is peremptory, that before a creditor can maintain a creditor's bill he must exhaust his remedy at law by judgment and execution. (*Estes* v *Wilcox*, 67 N. Y. 264; *Ballou* v. *Jones*, 13 Hun, 629; *Lewishon* v. *Drew*, 15 id. 467; *Dunlevy* v. *Tallmadge*, 32 id. 457; *Adsit* v. *Butler*, 87 id. 585.) Where the judgment is against several debtors the creditor must exhaust his remedy against all. (*Howard* v. *Sheldon*, 11 Paige, 558; *Field* v. *Hunt*, 24 How. Pr. 463.) As the facts showed that the plaintiff had an adequate remedy at law, he could not resort to a court of equity for relief. (*Chase* v. *Vanderbilt*, 5 J. & S. 334, 356; affirmed 62 N. Y. 307; *Mutual Ben. L. I. Co.* v. *Supervisors*, 3 Abb. Ct. App. Dec. 344),

*Frederic R. Coudert* and *Matthew Daly* for respondent. Plaintiff had exhausted his remedy at law before bringing this action. (*Produce Bk.* v. *Morton*, 67 N. Y. 199; *Bilhoger* v.

*Herebach*, 15 Abb. Pr. 143 ; *Hier* v. *Nostrand*, 94 N. Y. 31.) Upon the averments contained in the complaint a cause of action in equity was stated against the defendant entitling the plaintiff to relief. (*Murtha* v. *Curley*, 90 N. Y. 372 ; Code Civ. Pro. §§ 275, 1207.)

PECKHAM, J. We agree with the General Term of the Supreme Court in the view taken of this complaint by that learned court. It is said in the opinion there delivered that the action may " be treated as one in the nature of a creditor's bill in equity, requiring the defendant to account for the capital and profits which he, as a special partner of the firm of Merrifield & McDowell, had drawn out and applied to his own use, to the prejudice of the creditors of that firm."

It is true, as the counsel for defendant says, the prayer for relief demands that the defendant be adjudged liable as a general partner, and that plaintiffs have judgment for a sum of money therein stated. But all the necessary facts to enable the court to grant appropriate relief, and of an equitable nature, are stated in the complaint, and it is obvious, from a careful perusal thereof, that no liability is sought from defendant, grounded upon the fact of his being a general partner. The complaint, on the contrary, alleges the formation of a special partnership, and that the defendant was the special partner, and alleges an indebtedness of the general partners to plaintiffs, in 1871, of more than $14,000, upon which, in 1877, judgment was recovered against the general partners for over $21,000, and an issuing and return of an execution against them unsatisfied. It alleges the withdrawal by defendant from the assets of the firm, while insolvent, of the amount of the special capital contributed by defendant to the firm ($5,000), together with $3,900, alleged profits, which had not been made, and that this was done to give an illegal preference to defendant as a creditor. It demands a money judgment against defendant, not to the amount of the indebtedness of the general partners to plaintiffs (which he would have been liable for if a general partner), but only to the amount of the

money wrongfully taken by defendant from the assets of the insolvent partnership where it should have remained as a trust fund for the payment of creditors. The complaint was not framed upon any theory of the defendant being a general partner, for, if so, if it were a mere action at law to recover a debt from a firm, the other members of the debtor firm were necessary parties. The prayer of the complaint plainly means to ask that the defendant be held liable the same as if he were a. general partner up to the amount of his withdrawal of the firm assets.

At any rate, all the facts necessary to make out a cause of action, of an equitable nature, are alleged in the complaint, and they are not such as are merely incidental to another and totally different cause of action. Such was the case of *Barnes* v. *Quigley* (59 N. Y. 265). An answer having been interposed in this case, the formal relief asked in the complaint is not of much importance, and the court will grant the judgment which shall be consistent with the case made by the complaint and embraced within the issues. (*Hale* v. *Omaha Nat. Bk.*, 49 N. Y. 626.) The mere fact that the complaint asks for a money judgment does not necessarily show that the case is one for trial by jury. Courts of equity give judgment for money only, where that is all the relief needed. (*Murtha* v. *Curley*, 90 N. Y. 372.) And if facts are stated in a complaint which show that it is of an equitable nature, and that the cause of action is simply equitable, we do not think that a case is made for a trial by jury under the Code (§ 968) merely because the complaint improperly asks for a money judgment only. We think that the court did not err in refusing a jury trial.

The next question is as to the force and effect to be given to a judgment of the Superior Court in a former action between these same parties. The complaint in that action alleged that the defendant herein and two others were a firm, doing business as copartners, under the name of Merrifield & McDowell, and that as such they were indebted to plaintiffs in an amount therein stated, for which judgment was demanded

against the said firm. The answer set up, among other defenses, that this defendant was a special and the others were general partners in a limited partnership.

Upon these pleadings it was competent for plaintiffs to prove all such failures of defendants to comply with those provisions of the statute in reference to limited partnerships which rendered the special partner liable for the firm debts the same as if he were a general partner, in an action against the members of the firm upon a firm indebtedness. (*Sharp* v. *Hutchinson,* 100 N. Y. 533.)

In order, therefore, to sustain the allegation in the complaint as to the partnership of the defendants, the plaintiffs on the trial of the action proved the manner in which the defendant herein contributed his capital to the limited partnership, and claimed that he had not contributed the same in cash. Evidence was then given as to the dissolution of the firm after an existence of about one year, and also upon the subject of the withdrawal by the defendant from the assets of the firm, at the time of the dissolution, of the sum of $8,900, and evidence was given tending to show the firm was insolvent at that time. The jury found a verdict for the plaintiffs and also returned a special finding that the special partner did not contribute in cash the capital he agreed to put in the firm. Judgment for the full amount of plaintiff's claim was entered against all the defendants. They appealed to the General Term, which court reversed the judgment against the alleged special partner (this defendant), and granted a new trial as to him, while affirming the judgment as to the other defendants. The plaintiffs appealed to this court from the order granting such new trial, and gave the usual stipulation that in case of affirmance judgment absolute should be entered against them. This court affirmed the order granting a new trial as to the special partner, and pursuant to the stipulation judgment absolute was duly entered in his favor against the plaintiffs therein. When this action was commenced the defendant, among other defenses, set up the judgment in the Superior Court as a bar to the maintenance of this action, and alleged

that the issues in the Superior Court action were tried, and among them so tried was the issue as to whether the defendant was a general partner in the firm, and liable as such, and that by the judgment entered in that action it was decided that this defendant was not a general partner.

The plea in bar, in one aspect, rests upon the basis that this action is substantially for the same cause as was the action in the Superior Court. One of the tests sometimes mentioned, which will determine the question whether two causes of action are identical, is to see if the same evidence will sustain both; though the form of the actions may be different, the causes may be the same, and they generally are the same where the same evidence equally supports either. (*Stowell* v. *Chamberlain*, 60 N. Y. 272, 277.)

The evidence in the Superior Court action would not support this one. In the Superior Court case there was a claim to recover from the defendant, as a general partner, founded upon his alleged failure to contribute his capital to the firm in cash, and also founded upon his alleged withdrawal of the assets from the insolvent firm. While here the liability rests upon different and further facts, viz.: (1) that the defendant was a special partner instead of a general one, and (2) the fact of the recovery of a judgment and the issuing and the return unsatisfied of an execution against the general partners.

In the Superior Court action there was no necessity, as there was no possibility of any proof that an execution had been issued and returned unsatisfied, for there was no judgment, and, of course, no execution, and that action was the ordinary common-law one brought for the purpose of recovering a debt against all the defendants, while here the evidence as to the judgment and the issue and return of an execution unsatisfied was necessary, because the withdrawal of the assets from this insolvent firm by the defendant was with the consent of the general partners, and as to them was valid; and when the creditor questions it and asks to hold defendant liable to the extent of such withdrawal, and not to the extent

of a general partner, he is bound to show that he has already had recourse to the general partners to collect his debt, and has exhausted his remedy at law against them in an unsuccessful effort to obtain payment thereof.

The two causes of action are not, therefore, identical, and the plea in bar cannot for that reason be available here.

But ther eare some cases in which a former judgment acts as a bar to the maintenance of another action, even if the second is not identical with the first cause of action. Such, for example, is the case where the second action is brought against a physician for malpractice. A former judgment in favor of the physician in an action commenced by him to recover for his services in such case, operates as a bar to the maintenance of the second action, because the recovery for his services in an action brought by him for that purpose necessarily adjudicated the question of reasonable skill in his favor. (*Gates* v. *Preston*, 41 N. Y. 113.) In such a case it is said the former judgment is a perfect bar to a second and different cause of action, and is conclusive upon the question of skill, although it was not in reality litigated in the former suit, for the proof of the fact that the patient was treated with reasonable skill is part of the plaintiff's case, and which he must prove to entitle him to a recovery; and hence, even if not litigated in the sense of not being contradicted by other proof, the matter is forever set at rest by the judgment; and so it is an instance of a judgment being conclusive upon a matter of fact, which perhaps was not, though it might have been, litigated. (*Dunham* v. *Bower*, 77 N. Y. 76, 79; *Malloney* v. *Horan*, 49 id. 111; *Collins* v. *Bennett*, 46 id. 490.) The judgment operates as conclusive evidence upon some material facts, and hence may be said to be a bar to the maintenance of the second action, although in strictness it is not as a plea a bar, but only conclusive evidence.

The case in 49 New York says a judgment is final and conclusive upon all matters which might have been litigated and decided in the action, so far as to matters which might have been used as a defense in that action, and such as if again considered would involve an inquiry into the merits of the former judgment. To such extent a prior judgment is, as a plea, a

bar to the maintenance of another cause of action which neces-
sarily involves the questions already litigated, or which might
have been litigated in the former action.

The defendant claims here that no judgment in his favor in
the Superior Court action could have been recovered upon the
evidence in that case, unless the fact were found that he was
not a general partner; and that as there was evidence on that
trial upon the question of an improper withdrawal of assets
from the firm by the defendant while it was insolvent, which
evidence, if true, would have shown such a violation of the
limited partnership statute as would have made him liable as
a general partner, it follows that this judgment in his favor
must now necessarily show there was no such improper with-
drawal of assets by him from an insolvent firm. He thus
claims that even if this second action is not for the same iden-
tical cause as was the first, it is yet based, among others, upon
an alleged fact (the withdrawal of assets), which was involved
in the other action, and he says tha tthe judgment in such action
conclusively shows a decision of that question in his favor.

It is true that a valid judgment upon a question directly
involved in a suit is conclusive evidence as to that question in
any other suit (although for a different cause of action) between
the same parties; but it must appear, either by the record in
that suit or by extrinsic evidence, that the precise question
was raised and determined in the former suit, and this burden
rests, of course, with the party who endeavors to make use of
the judgment as conclusive evidence upon that point. If there
be uncertainty as to whether or not the question was passed
upon, the judgment is not conclusive as evidence. (See
*Stowell* v. *Chamberlain*, 60 N. Y. 272; *Russell* v. *Place*, 94
U. S. 606; *Cromwell* v. *County of Sac.*, id. 351.) Thus in
the *Stowell Case* it was held that in a second action between
the same parties, brought for a different cause, though in
regard to the same transaction, in order to make the former
judgment available either in bar or as evidence, where such
judgment was recovered in an action for the wrongful con-
version of property (the second action being brought in

assumpsit), it was necessary to show that the question of plaintiff's title was passed upon in the first action. The judgment may have passed upon the fact that defendant had not had possession of the property, and on that ground was not guilty of conversion. So, in order to obtain the benefit of a prior adjudication of a fact, it is entirely reasonable to exact from the party asking its benefit clear proof that such adjudication has been made. The cases in the Supreme Court of the United States, above cited, are further illustrations of the principle which is firmly based upon authority and good sense. In accordance with the above cases, when the defendant introduced upon the trial of this action (brought for an entirely different cause) the record of the judgment in the Superior Court, it was necessary that it should appear from it, or from extrinsic evidence, that the question as to the improper withdrawal of the assets had been involved and was necessarily determined therein in favor of this defendant. The record alone did not show it, for there was nothing in it by which it could be determined on what ground it was based. The evidence which was given in this action, *dehors* the record, did not fill the gap. It showed there was evidence given on the other trial (precisely similar to that given here), on both points, as to the failure to contribute in cash and as to the improper withdrawal of the assets by the defendant, and the record itself showed that the trial resulted in a judgment in favor of plaintiffs, which was reversed on appeal and a new trial granted as to this defendant; and that there was an affirmance of that order by this court, and judgment absolute in favor of defendant on the plaintiffs' stipulation. That judgment is undoubtedly a bar to another action, proceeding upon the theory of any liability of the defendant as a general partner, for it conclusively determines that he was not a general partner. But we do not think that it appears anywhere that there has been any determination in defendant's favor in this judgment of the question as to the withdrawal of these assets. It is true that judgment must have gone for the plaintiffs (as in fact it did) upon the trial of the issue of general partner-

ship or not, if this evidence as to the illegal withdrawal of assets had been given and had been found in plaintiffs' favor; but as the final judgment is in favor of defendant, he argues that such judgment is conclusive in his favor upon the question of the withdrawal of those assets, as it appears that evidence upon that subject was given on the trial in the Superior Court, and yet defendant has judgment in his favor. But just here we think the defendant loses sight of the character of the judgment he has procured in his favor. The record shows it was not entered upon a verdict of the jury finding the facts for him. It shows the contrary. It shows that the jury was against him upon at least one, if not both, the sets of facts upon which the plaintiffs relied to show he was a general partner, and liable as such. This judgment, it is true, the defendant has procured a reversal of. Still it does not appear, either in the record or outside, upon what ground the General Term granted a new trial as to defendant, nor upon what ground the order granting it was affirmed in this court. The General Term may have reversed upon an exception taken to the admission or rejection of evidence, or to the judge's charge, and not upon any question affecting the merits of the controversy, and this court may have affirmed such order, and, indeed, was bound to do so, for any material error appearing in the record which may have affected the original judgment. It does not appear but that such was the case. If it were, then we have the case of a judgment in defendant's favor upon a stipulation under the statute, which judgment was obtained upon the reversal of a judgment in plaintiffs' favor, and which reversal may have been grounded upon an error of the judge in admitting evidence upon the question of the failure of defendant to contribute his capital in cash, or upon an error of the judge in charging the jury upon that point; and thus without, in fact, any determination in defendant's favor upon the question of the withdrawal of assets.

While such a judgment must necessarily, from the force of its character as an absolute judgment in defendant's favor, be

a bar upon the main question in that case, that of partnership, we are quite ready to say that it does not partake of the character of a conclusive determination of a fact which it does not appear was, and very likely was not, determined by it.

Treating the matter as not concluded by the judgment, we think, there was evidence enough to warrant the finding by the court that there had been a wrongful withdrawal of the assets of the firm by defendant when such firm was insolvent.

The defendant argues, also, that plaintiffs are estopped from asserting the claim in suit, because, as defendant alleges, he surrendered up securities to the old firm upon the faith of a statement which he says one of the plaintiffs made to him, that all the liabilities of that firm, with a small exception, were paid.

No such defense was set up in the answer. No request was made to the referee to find any facts in relation to it. There is no finding of the referee upon the subject. There is no exception to any refusal of the referee to find any such fact. We think there is some contradictory evidence in regard to it. We cannot, therefore, see any error in the record on that account.

The proof of the regularity of the issuing and return of the execution was sufficient. There was no point made in regard to it at the trial, and it cannot now be raised.

The judgment seems to us to be proper, and it should be affirmed, with costs.

All concur.

Judgment affirmed.