## J. N. KAIAIKAWAHA et al. *vs.* GEORGE OKUU.

APPEAL FROM McCULLY, J.

HEARING, AUGUST 4, 1890.   DECISION, AUGUST 26, 1890.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

The plaintiff having attempted to set up an equitable defense in a suit at law brought by this defendant against him, was prevented from doing so by the ruling of the Court, and judgment was rendered against him. The defendant now pleads that judgment in bar.

Held, that the judgment is not a bar to his action in equity, based on this equitable claim.

OPINION OF THE COURT, BY BICKERTON, J.

This matter comes here on an appeal from the decree of Mr. Justice McCully, overruling the plea in bar of defendant.

Okuu, the defendant in this case, brought an action of replevin against Kaiaikawaha, which was tried at the April Term, 1888. The defendant offered to set up a purely equitable defense, tending to show that a bill of sale of the chattels in suit from defendant to plaintiff, absolute on its face, was in fact a mortgage. The Presiding Justice excluded the evidence in support of the defense, and the verdict was for the plaintiff. Exceptions were taken and heard in Banco at the July Term, 1888, the Court holding that such evidence was rightly excluded. *Okuu vs. Kaiaikawaha*, 7 Hawn., 311.

The plaintiff (defendant in the former case) now brings an action in equity to set aside the same bill of sale and declare it to be a mortgage, and the defendant pleads in bar a judgment in the former case at law, whereby the title to the property and chattels, set forth in the plaintiff's bill, was adjudged upon in favor of this defendant, as also the matters and things alleged in the plaintiff's bill.

The question is, was this equitable claim adjudicated; was it heard in the case of *Okuu vs. Kaiaikawaha*? We find it was not; on the contrary it was excluded. The plaintiffs in this case attempted to avail themselves of their equities at law, but were prevented from so doing by the ruling of the Court; these plaintiffs were not seeking a remedy at law or electing to proceed at law instead of equity; they were the defendants in the case at law, the now defendant was the then plaintiff.

A plea of former judgment at law, to be a bar in an action in equity, must have been rendered by a Court of competent jurisdiction, and upon a full and complete hearing of all the merits of the case. Story, Eq. Pl., Sec. 780; 2 Am. Chan. Dig., 504; Herman on Estoppels, 252; *Gallagher vs. Roberts*, 1 Wash., C. C., 320.

Pleas in bar, based on a former judgment, are based on the principle that the Court will not hear what has been heard and decided before.

A Court in equity will entertain a case where there has been a verdict and judgment, there being an equitable ground of defense, of which the defendant could not avail himself.

In the case of *Bell vs. Merrifield*, 109 N. Y., 202, it was held "that a valid judgment upon a question directly involved in a suit is conclusive evidence as to that question in any other suit between the same parties; but it must appear either by the record in the suit, or by extrinsic evidence, that the precise question was raised and determined in the former suit."

The appeal is dismissed and the decree affirmed.

*W. A. Whiting* and *Chas. Creighton*, for plaintiffs.

*A. Rosa*, for defendant.