### COOPER v. CITY OF BROOKLYN.

*(City Court of Brooklyn, General Term.   March 28, 1892.)*

JUDGMENT—RES JUDICATA.

    Judgment in an action to cancel an assessment is not conclusive in a subsequent action between the same parties to vacate a second assessment for the same work, where it does not appear on what ground the first assessment was canceled.

Appeal from special term.

Action by Marvelle W. Cooper against the city of Brooklyn to vacate an assessment. Judgment for defendant. Plaintiff appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Sidney V. Lowell,* for appellant.   *Almet F. Jenks,* for respondent.

PER CURIAM. The appellant is the owner of real property situated on the east side of Throop avenue, between Putnam and Jefferson avenues, in this city. This action was brought to cancel an assessment for flagging the sidewalk in front of said premises. Two proceedings were begun,—one to flag Throop avenue, east side; and the other to flag the same block on both sides. The sidewalks were actually laid under a contract in the second proceeding, but by mistake the assessment was laid in the first. An action was brought in this court to have the said assessment declared void, and by consent judgment was entered vacating the same. The city authorities then laid an assessment in the second proceeding, which the plaintiff in this action unsuc-

cessfully endeavored at special term to have canceled. The judgment in the prior action was not conclusive. It does not appear by the record on what ground the assessment was vacated. The first and second requests to find as conclusions of law are unsupported by any finding of fact, or, if they can be treated as findings of fact, are not sustained by the evidence, and it does not appear that the questions litigated in this action were passed upon in the prior action. The burden rests upon the plaintiff to establish the former adjudication. *Bell* v. *Merrifield*, 109 N. Y. 202, 16 N. E. Rep. 55. We have carefully examined the record, and hold that the assessment in question was in all respects valid. Judgment affirmed, with costs.