Gildersleeve, J.
This is not an action for damages,, it is an action to enforce the provisions of a will. The will provides that the defendant, as executrix, shall contribute to the support of plaintiff a sufficient sum to keep, him from want in case he is unable to support himself or is in need, and to see that he is properly buried. The complaint sets forth the will and alleges' the helplessness and poverty of plaintiff, the refusal of the plaintiff to contribute to his support, her pecuniary ability to do so, and finally the complaint demands that defendant be directed to pay the plaintiff the sum of $20 a week, “or such reasonable sum as may be proper out of the property in her hands as executrix, besides the costs of this action.” It is really an action to establish and declare a trust, i. <?., to determine what would be a reasonable sum for plaintiff's support and to determine as to its payment. It is true the complaint demands $20 a week, but it adds “or such reasonable sum as maybe proper,” etc. It does not ask *65 for past damages, or for a specified sum of money, but that the court should direct the payment of a reasonable sum per week, during the lifetime of the plaintiff, in enforcement of the provisions of the will. A gross sum for the support of the plaintiff is not asked for, but only a reasonable weekly allowance during his life. The facts of the complaint show the cause of action to be an equitable one, and I do not think that a case is made for a trial by jury under the Code (§ 968), merely because the complaint asks for a direction that the defendant pay $20 a week, or some reasonable sum, for the support of plaintiff (Bell v. Merrifield, 109 N. Y. 207). In the case of Johnson v. Cornwall (26 Hun, 499), the will provided for the support of a colored girl, no specified sum being fixed, and the action was tried as an equity one, and the court fixed the annuity at a certain sum. In the case of Thorp v. Owen (2 Hare, 607), the will provided as follows: “I give the above devise to my wife, that she may support herself and her children according to her discretion and for that purpose and the Court of Chancery held that “ a legacy to a parent upon a trust to be by her applied, or in trust for the maintenance and education of her children, will certainly give the children a right in a Court of Equity to enforce their natural claims against the parent in respect to the fund on which the trust is declared.” In the case of Colton v. Colton (127 U. S. 300), which was an action to. enforce a provision in a will similar to the one in the "case at bar, the defendant demurred on the ground that a Court of Equity had no jurisdiction. The demurrer was. overruled, and the court said (p. 322):
“ It will be the duty of the court to ascertain, after proper inquiry, and thereupon determine and declare what provision will be suitable and best under the circumstances, andi all particulars and details for securing and paying it.” The mere fact that the complaint asks for a money judgment ■does not necessarily show that the case is one for trial by jury (Bell v. Merrifield, 109 N. Y. 207). It has been held *66 that in an action by a legatee for the amount due, and for an order directing the. conversion of the estate into money by sale, under direction of the court, and payment of the legacy out of the proceeds, the defendant was not entitled to a jury trial (Gilbert v. Morrison, 6 N. Y. Supp. 491). A careful consideration of the question presented for decision inclines me to the opinion that the action is an equitable one, and that plaintiff is entitled to have it restored to the equity calendar.
Motion granted, without costs.