(27 Misc. Rep. 435.)

### READE v. CONTINENTAL TRUST CO. et al.

(Supreme Court, Special Term, New York County. May 24, 1899.)

1. TRUSTS—ENFORCEMENT—NATURE OF REMEDY.

An action by the beneficiary of an express trust against the trustee to recover a sum claimed to be ascertained and fixed by the terms of the trust so that no accounting is necessary, and demanding a money judgment, and sale if necessary, of sufficient of the principal to raise the sum demanded, is properly brought in equity.

2. TRIAL—EQUITY CALENDAR.

An action by the beneficiary of an express trust against the trustee to recover a sum claimed to be ascertained and fixed by the terms of the trust so that no accounting is necessary, and demanding a money judgment and sale of sufficient of the principal to raise the sum demanded, and defended by another beneficiary, invoking the equitable doctrine of subrogation, and asking for equitable relief, is properly on the equity calendar.

Action by Robert S. Reade against the Continental Trust Company and others for the enforcement of a trust. Motion to strike cause from special term calendar and send it to trial term. Denied.

M. C. Milnor, for the motion.

Rosendale & Dodd and Jay & Candler, opposed.

GILDERSLEEVE, J. This is a motion to strike the cause from the special term calendar and send it to the trial term, on the ground that the complaint demands a sum of money only, and sets forth an action at law, and not one in equity. The complaint sets forth at length a trust deed, whereby the plaintiff conveyed certain property, both real and personal, to trustees, for his own benefit, but in which his wife, the defendant Martha A. Reade, has a contingent interest.

The deed, among other things, provides that the trustees, upon the written request of the plaintiff, shall pay the plaintiff, out of the principal of the trust fund, a sum not exceeding $3,000 a year, unless the plaintiff should willfully desert his wife. The complaint further alleges that plaintiff has made a written request for $3,000 a year for three years, but that the trustees have refused to pay the aggregate sum of $9,000, or any part thereof, although plaintiff has not willfully deserted his wife; and the complaint demands judgment for said sum of $9,000, and asks further, that, if there is not enough money in the possession of the trustees to pay the same, the court may direct the trustees to sell enough of the principal of said trust to raise the sum demanded. The defendant Martha A. Reade, who, as I have said, has a contingent interest in said fund, alleges that the plaintiff did willfully desert her during the periods referred to in the complaint, and has not since lived with her. The answer of said defendant further sets up other defenses and a counterclaim, and also invokes the equitable doctrine of subrogation, and asks for equitable relief. The motion is made by this defendant, and is resisted by the plaintiff and the other defendants. I will, in the first instance, briefly review the principal authorities cited on both sides:

In the case of Bell v. Merrifield, 109 N. Y. 207, 16 N. E. 56, Judge Peckham uses these words:

"An answer having been interposed, the formal relief asked in the complaint is not of much importance, and the court will grant the judgment which shall be consistent with the case made by the complaint and embraced within the issues. The mere fact that the complaint asks for a money judgment does not necessarily show that the case is one for trial by jury. Courts of equity give judgment for money only, where that is all the relief needed."

To the same effect, see Burke v. Burke, 5 Misc. Rep. 312, 26 N. Y. Supp. 55, and cases there cited.

In McCrea v. Purmort, 16 Wend. 460, Mr. Justice Cowen held that:

"It is no bar to a bill in equity that the complainant might have sought his remedy by action at law for money had and received, in a case where a party received money as the trustee of another, as in such cases courts of law and of equity have concurrent jurisdiction."

In the case of McCartney v. Bostwick, 32 N. Y. 60, Judge Porter held:

"That courts of equity possess original and inherent authority to decree the performance of obligations springing from valid and effective trusts is too well settled to be considered anew as matter of grave judicial inquiry."

In the case of Van Camp v. Searle, 147 N. Y. 150, 41 N. E. 427, it was held that:

"While it is the general doctrine that the remedy of the beneficiary of a trust against a trustee, where the trust is open and continuing, and the accounts of the trustee have not been settled and adjusted and a balance ascertained, is an action for an accounting in equity, and that an action at law, either for money had and received, or in any other form, will not lie in the first instance, it is otherwise where the trust has been closed and settled, and the balance ascertained."

To the same effect, as to the first proposition, is the case of Husted v. Thomson, 7 App. Div. 66, 39 N. Y. Supp. 971, affirmed in 158 N. Y. 328, 53 N. E. 20.

In the case of Pendergast v. Greenfield, 127 N. Y. 23, 27 N. E. 388, it was held that:

"The beneficiary of a trust may, and can only, by a suit in equity compel the trustee to perform his duty, and account for and apply the trust estate in accordance with the provisions of the trust."

In the case at bar it is urged that no accounting is necessary, and that the balance due has been ascertained and fixed, by reason of the wording of the trust deed, requiring the trustees to pay out of the capital or principal of the trust a sum, not exceeding $3,000 in each year, upon the written demand of plaintiff, provided plaintiff has not willfully deserted his wife; and the defendant claims that the complainant demands a money judgment only, for the reason that the demand that the trustees sell a portion of the principal, in case there is not enough money in their possession to pay the $9,000, is not founded on any allegation of the complaint disclosing the necessity of any such form of relief. In the case of Bissel v. Trust Co., 25 Misc. Rep. 726, 55 N. Y. Supp. 571, Mr. Justice Beekman, in an opinion of the appellate term, very concisely stated the rule governing this case as follows, viz.:

"The rule ordinarily is that a cestui que trust cannot sue the trustee in an action at law, but must proceed against him in equity for the enforcement of the trust. It is true, however, that this rule is subject to the exception that where the amount claimed by the beneficiary has been incontestably fixed and ascertained, and where the duty of the trustee to pay over the same is unquestionable, so that his failure to do so is an act of misconduct, he may be pursued in a court of law."

In 27 Am. & Eng. Enc. Law, at page 271, the following language is used, viz.:

"The enforcement of trusts, and of many of the rights incident thereto, is of necessity altogether within the jurisdiction of courts of equity. Indeed, it is difficult to conceive of a case directly involving the administration of a trust of which a court of common law could properly take cognizance. The execution and enforcement of trusts and trust obligations, the adjustment of disputed rights under them, the investigation and settlement of accounts between parties in confidential relations, the establishing of the existence of a fiduciary relationship, are questions which fall naturally within the primary and exclusive jurisdiction of the chancery courts."

It seems to me, from a careful examination of the pleadings, that the cause is properly on the equity calendar. The complaint sets forth a cause of action for the enforcement of a trust, while the answer of the only party who desires a jury trial clearly sets up a defense in equity, and demands equitable relief. As we have seen, the plaintiff demands other relief than a money judgment; for he asks the court to direct the sale of enough of the trust principal to pay the $9,000 claimed, should there not be sufficient money in the possession of the trustees to do so. The allegations of the complaint do not place this case within the exceptions referred to in Bissel v. Trust Co. or in Van Camp v. Searle, above quoted. No judgment is demanded against any of the defendants personally, but simply judgment is asked against the trustees to compel them to execute the terms of the trust.

The motion to strike the cause from the equity calendar is denied. No costs. Settle order on notice.