DOLLARD v. AMERICAN SURETY CO.

(City Court of New York, Special Term. April, 1907.)

1. COSTS—BONDS—ACTIONS—JOINDER.
   Where a bond given as security for costs is conditioned on the payment of costs which may be awarded to a party in an action, and costs are awarded to him both at Trial Term and on appeal, he may recover in one cause of action both sets of costs.

2. SAME—DEFENSES.
   Under Code Civ. Proc. § 511, providing that, where the answer admits a part of the claim sued on, the court may order that the action be severed, etc., an obligor in a bond conditioned on the payment of costs which may be awarded to a party in an action, when sued in one cause of action for the costs awarded at Trial Term and on appeal, may set up a partial defense, or may offer judgment to the claim for either sum entered as costs,

without prejudice to the other claim, and the action may be severed as to that claim.

3. SAME—RIGHT TO SUE.

 An obligee in a bond conditioned on the payment of costs which may be awarded to him in an action may sue on the bond for the costs awarded at Trial Term and on appeal, as against the objection of the obligor that third persons may be entitled to a share in the sum recovered.

Action by Mary Dollard against the American Surety Company. Heard on motion to compel plaintiff to separately state and number his causes of action. Denied.

Jas. A. Boylan, for plaintiff.

Putney, Trombley & Putney, for defendant.

WADHAMS, J. Motion to compel plaintiff to separately state and number. The action is upon a bond given by certain plaintiffs in an action in the Supreme Court as security for costs. The bond is conditioned for the payment of any costs which might be awarded to this plaintiff in the Supreme Court action. Costs were there awarded both at Trial Term and upon appeal.

The plaintiff may recover in one cause of action both sets of costs. There is but one contract, namely, the bond; and it is for the breach of the terms of that contract that plaintiff brings this action. The fact that there are two counts for damage, both arising upon failure to perform the conditions of the one instrument, does not require the statement of two causes of action. The proof is in large measure the same. The separate items of damage always require different proof, and such different proof is not within the rule laid down in Bell v. Merrifield, 109 N. Y. 209, 16 N. E. 55, 4 Am. St. Rep. 436. The defendant is not prejudiced. If it has a partial defense, it may plead it. If it desires to offer judgment to the claim for either sum entered as costs, it may do so without prejudice to the other, and the action may be severed and continued as to the balance. Section 511, Code Civ. Proc. Had the plaintiff brought action upon this bond, and not demanded all the damages to which he was entitled upon the breach of its terms, a second action upon the same instrument claiming further damages could not have been sustained. The fact that others may be entitled to share with the plaintiff in any recovery had upon this action concerns the plaintiff and such other claimants, and, if successful here, the plaintiff may possibly be called upon to account to those others in whose favor costs were also awarded; but such fact does not require the granting of the relief here prayed for, as it appears that plaintiff was awarded costs and is pursuing the surety upon the bond securing the same.

Motion denied, with $10 costs.