(79 Misc. Rep. 234.)

### LEMBECK & BETZ EAGLE BREWING CO. v. CRUDO.

(Supreme Court, Appellate Term, First Department.  February 7, 1913.)

JUDGMENT (§ 951*)—RES JUDICATA—BURDEN OF PROOF.

> Where defendant pleads a prior judgment as a bar, the burden is on him to show that such judgment covers the cause of action sued on in the present suit, and hence that the check now sued on was not credited to defendant in reaching the balance then sued for.

> [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1808–1812; Dec. Dig. § 951.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Lembeck & Betz Eagle Brewing Company against Louis M. Crudo. Judgment for defendant, and plaintiff appeals. Reversed.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

George Ryall, of New York City, for appellant.
Morris Kamber, of New York City, for respondent.

PAGE, J. This action was brought to recover upon a check for $156, given by the defendant to the plaintiff upon December 13, 1905. The defenses are payment, and a former adjudication. On the first trial of this case a judgment between the same parties was offered in evidence, but excluded, and judgment was given for the plaintiff, which was reversed, and a new trial ordered. 134 N. Y. Supp. 576. On the second trial the judgment roll in the former action was received in evidence, and judgment was given for the defendant. From that judgment this appeal was taken.

The evidence is very unsatisfactory. The facts, as far as we have been able to deduce them from the record, are as follows: The defendant was a saloon keeper, buying draught and bottled lager beer from the plaintiff. On December 13, 1905, the defendant gave the plaintiff the check in suit, which, together with certain credits to which the defendant was entitled for discount on beer of $44, was credited to his account. This check was protested for nonpayment. Thereafter further sales of beer were made by the plaintiff to defendant, and in July, 1906, an action was brought in Rockland county by the plaintiff against the defendant to recover $247 for a balance due for goods sold and delivered between the 1st day of September, 1905, and the 1st day of January, 1906. Judgment was secured in August, 1906, and the judgment was paid. This period covers the time that the goods were sold for which the check in suit was given. But whether the price of those goods was included in the amount for which suit was brought does not clearly appear from the evidence. The burden is upon the defendant, as he claims the former judgment is a bar to this action, to show affirmatively that the balance due, for which suit was brought, was not arrived at by including in the credits the item of this check, so that the debt for which this check was given was actually embraced within the issue in that litigation and determined, and this could be shown by parol evidence. Bell v. Merrifield, 109 N. Y. 202, 211, 16 N. E. 55, 4 Am. St. Rep. 436; Lewis v. O. N. & P. Co., 125 N. Y. 341, 348, 26 N. E. 301; Carleton v. Lombard, Ayres & Co., 149 N. Y. 137, 152, 43 N. E. 422; Reynolds v. Ætna Life Ins. Co., 160 N. Y. 635, 651, 55 N. E. 305.

The respondent in his brief states that this check, when dishonored, was charged back; but there is absolutely no evidence to sustain that contention. It will be necessary to determine whether this check was accepted as payment pro tanto of the indebted-

ness.. If it was, the check constitutes a new obligation, and a cause of action, separate and distinct from the cause of action for goods sold and delivered, arose, and the judgment in the former action would not bar this action.· The mere giving of the check would not have such an effect, for the substitution of one executory obligation for another does not extinguish the precedent debt, unless there is an express agreement to accept the new obligation for the old. If, therefore, this check was accepted as payment, credited on the account, and the balance of the account sued upon in the Rockland county action was struck with this credit allowed, and an agreement· was entered into that this check should be paid by the defendant, either in cash or by the crediting thereon of subsequent discounts on beer purchased, the check would constitute a new obligation, the consideration of which would be the extinguishment of the precedent debt, and the amount remaining unpaid upon the check would be enforceable in this action, and the former adjudication would not be a bar. If, however, the credit of this check on the account was nullified by charging back the amount thereof before the balance was struck, the former adjudication in the Rockland county action would be a complete bar.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. It is hoped on the next trial that the evidence will be confined within the narrow limits indicated by this opinion. All concur.