MADELAINE H. WEST, Plaintiff, *v.* JAMES IMBRIE and Others, Defendants.

Supreme Court, Nassau County, June 23, 1926.

**Judgments — res adjudicata — order of Federal court permitting plaintiff to sue defendants on claim which had been assigned by her to creditor's committee of defendant corporation is not res adjudicata as to affirmative defenses interposed by defendants to plaintiff's action thereon — said defenses must be proved on trial — summary judgment denied.**

An order of reversal made by the United States Circuit Court of Appeals permitting plaintiff to sue defendants on a claim involving a loan made to defendants which by reason of defendants' bankruptcy was assigned by plaintiff to a creditor's committee of defendant corporation is not *res adjudicata* as to the determination of certain affirmative defenses set up in defendants' answers to plaintiff's action to the effect that plaintiff has no title to the claim, where the order contains no recital that the court making it either considered or determined the merits of the various defenses interposed in said action. Since to what extent, if any, the defenses set up in plaintiff's action were involved in the reversal of the order made by the United States District Court is a fact to be proved as any other fact, plaintiff is not entitled to summary judgment.

The burden of proof rests upon the party claiming a determination by former adjudication to show that the fact in issue was litigated and determined. If there be any uncertainty as to what was actually litigated, the judgment is not conclusive.

MOTION by plaintiff for summary judgment.

*Ferris, Shepard, Joyce & McCoy,* for the plaintiff.

*Rabenold & Scribner,* for the defendants.

HAGARTY, J. Plaintiff moves for summary judgment for the sum of $287,000, on a contract made on the 1st day of January, 1920, under which she loaned bonds to the extent of $200,000 to her

husband, Charles G. West, Jr., for his capital contribution to the firm of Imbrie & Co., of which firm he and the defendants, with others, were members. Under the contract, plaintiff was to receive the coupon interest on the bonds and in addition thereto the sum of $7,500 per year, and it was further agreed that she was not to lose the loan. In 1921 the firm failed with liabilities exceeding $4,000,000, for which plaintiff's husband, jointly with the other partners, was liable. An equity receivership followed, and a creditors' committee was formed to make a settlement. This committee solicited the assignment of claims under a plan, the details of which are not material upon this motion. On May 1, 1923, the plaintiff executed and delivered to the committee a printed form of agreement by which she assented to the plan and agreement for liquidation of indebtedness of the creditors of Imbrie & Co., " with the same force and effect as if a copy of said plan and agreement had been actually signed " by her as a party thereto " without prejudice to the rights of the undersigned to have the status of her claim determined by the court." A sufficient number of claims having been obtained, the plan was declared operative. The defendants effectuated a settlement, the court approved the settlement, and the bonds of a new corporation, formed under the plan, were issued for distribution. As a result, the defendants, including the plaintiff's husband, were released of their liabilities. Plaintiff was tendered her share of the bonds but she refused to accept them, and they were set aside for her and remain subject to her order. Her refusal was based upon the claim that the court had held that as her claim had not matured when the receivers were appointed she had no claim provable against the assets in the receivers' hands. Thereafter the plaintiff applied to the United States court for leave to sue the partners, that court having previously enjoined all suits. The District Court denied the plaintiff's petition, but the Circuit Court of Appeals reversed the order and directed that such leave to sue be granted. In her appeal to the Circuit Court of Appeals plaintiff argued that it was not essential to the determination of that appeal that the court pass upon the merits of the suit. By this motion the plaintiff seeks to avoid, by the plea of *res adjudicata,* the affirmative defenses set up in the answers (1) that plaintiff does not own the claim, as she executed a valid legal assignment of it to the committee; (2) that the claim has been released by the assignees as legal owners thereof; (3) that the claim has been released by decree of the United States court in the receivership suit; and (4) that plaintiff is estopped by the action taken by the creditors' committee, by the new corporation, and by the defendants, in reliance upon plaintiff's participation.

40

The order of reversal made by the United States Circuit Court of Appeals contains no statement or recital of the grounds upon which the reversal was based. It does not affirmatively appear that the court considered or decided the merits of the defenses interposed in this action. Such a determination was not necessary to a decision of the application. It is not to be assumed that the United States Circuit Court of Appeals consented to the institution of an action in the State courts and then assumed to decide the issues that would necessarily arise in that action. It is rather to be inferred that, in reversing the order of the District Court, the appellate court decided either that the District Court had no jurisdiction to deny plaintiff's right to sue, or that, in the court's opinion, issues existed between the parties that were not involved in the proceedings in the United States courts. The doubt as to the basis of the reversal is emphasized by the application of the defendants, subsequently made, for a modification or amendment of the order of reversal so as to show that it was based upon jurisdictional grounds only. The application was denied without comment, with the result that the doubt, evidenced by the application, still continues. This is so notwithstanding an allegation in the petition that the court had orally announced in substance that the reversal was because of an absence of power to make the order in question.

To what extent, if any, the defenses set up in this action were involved in the reversal of the order made by the District Court is a fact to be proven as any other fact, and the burden of proof rests upon the party claiming a determination by former adjudication to show that the fact in issue was litigated and determined. (*Lewis* v. *O. N. & P. Co.*, 125 N. Y. 341, 348; *Griffen* v. *Keese*, 187 id. 454, 464; *Reynolds* v. *Ætna Life Ins. Co.*, 160 id. 635, 651.) If there be any uncertainty as to what was actually litigated the judgment is not conclusive. (*Bell* v. *Merrifield*, 109 N. Y. 202, 211.) Further, the rules underlying the doctrine of estoppel by judgment are not to the same extent applicable to orders. (*Riggs* v. *Pursell*, 74 N. Y. 370.) In my opinion, the issues of law and fact involved in this action were not decided in favor of the plaintiff by the order of reversal made by the United States Circuit Court of Appeals. (*Williams* v. *Barkley*, 165 N. Y. 48, 54.) Motion for summary judgment is denied, with ten dollars costs.