Genevieve B. Lalor, Respondent, *v.* John H. Lalor, Appellant.

First Department, February 14, 1949.

*Samuel A. Berger* of counsel (*Ferris, Burgess, Hughes & Dorrance,* attorneys), for appellant.

*Milton N. Mound* for respondent.

*Per Curiam.* The first cause of action is to recover the July, 1948, installment of $1,000 under a separation agreement. The action was commenced July 19, 1948. Plaintiff moved for summary judgment under the first cause of action for the said $1,000 plus interest thereon from July 1, 1948. Defendant's answer and opposing affidavit raise the contention that this

installment was not due on July 1, 1948, but was payable at any time during said month. The separation agreement, in this respect, states as follows: " Commencing as of April 1, 1948, the husband shall pay to the wife the sum of $1,000 per month * * *." By this language the monthly installments became due on April 1, 1948, and upon the first of each subsequent month during the life of the agreement.

The judgment and order appealed from should be reversed, however, and plaintiff's motion for summary judgment on the first cause of action should be denied, inasmuch as the separation agreement contains no provision with respect to the manner of payment of these installments except that they shall be paid " to the wife ", and defendant's opposing affidavit establishes, without contradiction, that plaintiff left her usual place of residence in New York City without giving him a forwarding address, and that on or about July 28, 1948, he sent his check for said July installment of $1,000 to her by air mail in care of the Beverly Hills Hotel, Beverly Hills, California, which he did as soon as he learned that mail would reach her at that address. Interest did not accrue under these conditions, even if the contract called for payment on July 1st.

Although this check was afterwards returned to defendant by plaintiff's attorney, no question is raised that payment by check was the usual and acceptable medium of payment, and the record shows that before returning it plaintiff accepted said check as payment for such installment. Her acceptance of the check as payment satisfied defendant's liability for the July installment under the separation agreement, and made him thereafter liable upon the check (Davenport v. Palmer, 211 N. Y. 596; Dehoust v. Lewis, 128 App. Div. 131; Fleischman v. Bishop, 174 N. Y. S. 142; Lembeck & Betz Eagle Brewing Co. v. Crudo, 79 Misc. 234). Plaintiff's attorney was not justified in returning this check because it did not contain an additional twenty-eight days' interest or for any other reason. It thus appears that the defendant paid the July installment to the plaintiff as soon as he was able to locate her. Under these circumstances, the separation agreement imposes no further liability upon him for the payment of principal or interest for the month of July, 1948. Any cause of action which plaintiff has for that month against defendant should be based upon said check, and not upon the separation agreement.

The judgment and order appealed from should be reversed and plaintiff's motion for summary judgment should be denied, and summary judgment for defendant should be granted dis-

missing the first cause of action alleged in the complaint, but without costs.

COHN, J. (concurring). I concur in the result solely upon the ground that under the terms of the separation agreement the payment in question was not due on July 1st but could be made on any day of the month (*Curtiss* v. *Howell*, 39 N. Y. 211).

PECK, P. J., DORE and VAN VOORHIS, JJ., concur in *Per Curiam* opinion; COHN, J., concurs in result in opinion, in which CALLAHAN, J., concurs.

Judgment and order reversed, plaintiff's motion for summary judgment denied and summary judgment granted for defendant dismissing the complaint, without costs. [The foregoing decision was amended on February 21, 1949, to read " Judgment and order reversed and summary judgment directed to be entered in favor of the defendant dismissing the first cause of action alleged in the complaint, without costs, and the order of this court, entered February 14, 1949, vacated." 275 App. Div. 708.]