JEFFRES, receiver, &c. *vs.* COCHRANE.

The commencement of an action, by a creditor, to reach the choses in action and equitable interests of his debtor which can not be reached by execution at law, creates a lien in favor of the plaintiff, good against all persons who have knowledge, or are chargeable with knowledge, of such lien; and a person afterwards taking an assignment of a chose in action from the judgment debtor, though it be in good faith and without any improper motive, will take it subject to such lien.

Where a receiver, appointed in proceedings supplementary to execution, brings an action to recover the possession of promissory notes alleged to have been fraudulently transferred by the judgment debtor, or the avails thereof, and the defendant's attorney, during the pendency of the suit, takes from the defendant an assignment of one of the notes, in payment of his fees and charges as attorney, he will be held to have had knowledge of the nature and object of such suit, and to have purchased the note subject to the risk of the plaintiff being able to establish the fraud in its transfer.

When the plaintiff succeeds, in such an action, the lien created by commencing the same will relate back to the time when the action was commenced, and overreach the title of a purchaser *pendente lite.*

APPEAL from a judgment entered at a special term, on a trial before the court without a jury. The action was brought by the plaintiff as receiver of John Hughes, appointed in proceedings supplementary to execution, to recover the avails of a promissory note for $166.65, made by J. Donellan & Co., alleged to belong to said John Hughes, and which was purchased by the defendant of Onney Hughes, the wife of said John Hughes.

The following opinion, delivered by the judge at special term, contains a statement of the material facts, as well as of the reasons for the decision.

JOHNSON, J. "This is an action in the nature of a creditor's bill, to reach the assets of John Hughes, or Onney Hughes, his wife, in the hands of the defendant, and to compel the defendant to deliver up to the. plaintiff a certain promissory note for $166.65, payable to Hughes or bearer, and transferred by said Hughes or his wife to the defendant, or to account and pay to the plaintiff the avails of said note. The note in question was transferred to the defendant to pay

and satisfy him for his fees and charges as the attorney and counsel of Hughes and wife, during the pendency of an action against them to obtain this and two other notes of a ' like amount, in their hands, to satisfy a judgment against them in the action in which the plaintiff had been appointed receiver. The judgment was for $142.24, including costs. The defendant, as the attorney of Hughes and wife, refused to proceed further in the defense of the action without being paid or secured for his services, and the note in question was transferred to him in payment thereof, and the balance of said note, being $85, was paid by said defendant to Hughes, or his wife. The plaintiff in the action against Hughes and wife obtained a decree ordering them to deliver the three notes to the plaintiff, or so much as should be necessary to satisfy the said judgment, and costs of that action, if said notes were in their possession. And in case they had parted with them, that they pay over the proceeds thereof, or so much as might be necessary, as aforesaid. The notes had all been transferred before the decree was made and judgment completed. A copy of the judgment was served on them, and they refused and neglected to pay over the proceeds. Whereupon the plaintiff proceeded by attachment against the wife, Onney Hughes, for refusing to comply with such decree. She was arrested and brought before the court on attachment, and examined before a referee appointed for the purpose, but no further steps were taken, and the proceeding is still pending and undetermined.

It appears from the evidence that when the defendant took the note in question, Hughes or his wife had already transferred one of these notes to Ward Brothers, bankers, in Rochester, who purchased the same without any notice of the plaintiff's claim or of the judgment. And after the transfer of the note in question to the defendant, the same bankers bought the third note, in the same way.

The defendant being the attorney of Hughes and wife, knew the object of the action, and that it was to reach these

notes, or so much of them, or of the avails, as should be necessary to satisfy the judgment and the costs of that action. The purchase of the note in question during the pendency of the action to reach it in equity could not operate to deprive the plaintiff of his right to have it applied in satisfaction of his debt, especially where the purchaser took with full knowledge of the pendency and object of the action. It has been repeatedly held that the commencement of an action to reach choses in action and equitable assets creates a lien, and the subsequent assignee takes them subject to the creditor's lien thus acquired. (*Albany City Bank* v. *Schermerhorn, Clarke,* 297. *Boynton* v. *Rawson, Id.* 584. *Edmeston* v. *Lyde,* 1 *Paige* 637. *Corning* v. *White,* 2 *id.* 567. *Wakeman* v. *Grover,* 4 *id.* 23. *Story's Eq. Jur.* § 406.)

There is no evidence to show that the defendant purchased the note with any intent to hinder, delay or defraud the plaintiff in obtaining satisfaction of his debt, any further than such result would necessarily follow from such an act. He took it to satisfy his own debt, as he had the right to do, and for no other direct purpose, and would unquestionably have been protected but for the lien acquired by the plaintiff by his pending action. As it was, his purchase, though in good faith and without any improper motive, was subsequent to the plaintiff's lien. He had notice of the plaintiff's rights, and could not defeat them in this way. It makes no difference, as I conceive, that the plaintiff in this action against Hughes and wife took his decree against them for the avails or proceeds of the notes, in case they had parted with them. It appears clearly enough that he has yet obtained no satisfaction of his debt from the notes or otherwise, and the lien must be held to continue until the debt is satisfied. The defendant took the note not only subject to this lien, but at the risk of its being enforced against him in case the plaintiff should fail in obtaining satisfaction otherwise. The attachment against Mrs. Hughes does not operate to satisfy the debt, and did not even while she was in custody under it.

It did not operate even then like an execution against the body, in an action at law. But there is no pretense that she is held under it now, although the proceedings under it may still be kept on foot. The lien follows the property until the debt is satisfied.

. I am of the opinion, therefore, that the plaintiff is entitled to the relief demanded in his complaint."

As a conclusion of law, the judge decided that the plaintiff was entitled to judgment against the defendant for the whole amount of the said promissory note, with interest from maturity, together with costs, and without allowance for the $85 paid by the defendant.

The defendant excepted to the decision, and appealed from the judgment.

*J. C. Cochrane,* appellant, in person.

*Edward Harris,* for the respondent.

*By the Court,* WELLES, J.. The judgment in the action by the receiver, the plaintiff in this action, against John Hughes and Onney Hughes, his wife, established the fact, at least *prima facie,* that the three notes given by Donellan & Co. to John Hughes were transferred by the latter to his wife Onney Hughes, with the intent to hinder, delay and defraud the creditors of the said John Hughes, of whom Bonesteel, the plaintiff in the action in which the receiver was appointed, was one. And that therefore the title and ownership of those notes, as between Hughes and his creditors, was in Hughes, and had been from the time they were given by Donellan & Co. The defendant's title to the note, as against Hughes and his wife, was unquestionably good ; but whether it was good as against the creditors of John Hughes must necessarily depend upon whether he had notice, or is chargeable with notice, of the fraudulent transfer by Hughes to his wife. The action by the receiver against them was commenced in

Jeffres *v.* Cochrane.

June, 1862, and the note in controversy was purchased by the present defendant in September following. By the commencement of that action the plaintiff acquired a lien upon it, which was good against all persons who had knowledge, or are chargeable with knowledge, of such lien. The defendant, Mr. Cochrane, defended the action, as attorney for Hughes and his wife, and put in separate answers for them. He therefore must have had knowledge of what the plaintiff in that action alleged in his complaint, and purchased the note in question with the risk of the plaintiff being able to establish the fraud in its transfer by Hughes to his wife. If the plaintiff had failed to establish such fraud, the defendant's title would have been perfect. If he succeeded, as he afterwards did, the lien created by the commencement of the action would relate back to the time when the action was commenced, and overreach the title of the present defendant. The plaintiff has exhausted his remedy under the judgment in the action brought against Hughes and wife, and has failed in recovering any thing. The judgment directed the defendants therein to pay the plaintiff's demand, with interest and costs, or, in default of such payment, to deliver the three notes against Donellan & Co. to the plaintiff; or if the notes had been put out of the hands of the defendants, that the proceeds or avails of the notes be delivered to the plaintiff. None of these requirements have been complied with by the defendants. And I can perceive no legal obstacle in the way of the plaintiff's recovering of the present defendant the amount of the note purchased by him, with interest.

I think the judgment of the special term should be affirmed, with the costs of this appeal.

[MONROE GENERAL TERM, March 4, 1867. *Welles, E. D. Smith,* and *Johnson,* Justices.]