### HUSTED *v.* CRUIKSHANK.

*(Supreme Court, General Term, First Department. May 15, 1891.)*

1. WILLS—ACTION TO RECOVER LEGACY.

Plaintiff, in an action to recover an interest under a will, alleged that in an action for the construction thereof it had been adjudicated that he was entitled to a

one-eleventh share of an estate thereunder in the hands of defendant as trustee, and demanded judgment against defendant for the value of the interest. *Held,* that the complaint was fatally defective as stating a cause of action at law, in that it did not appear therefrom that there had been any accounting showing the value of plaintiff's share of the estate.

2. SAME—PARTIES.

In such case, the persons interested in the distribution of the estate not being made parties to the suit, it cannot be maintained as an action for equitable relief.

Appeal from special term, New York county.

Action by Gilbert M. Husted against Augustus Cruikshank, trustee. From a judgment sustaining a demurrer to his complaint plaintiff appeals.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*A. Edward Woodruff,* for appellant. *Jas. L. Bishop,* for respondent.

VAN BRUNT, P. J. The complaint in this action, after averring the death of one Benjamin Lord, leaving a last will and testament, which was duly admitted to probate, and the appointment of the defendant as trustee of the estate, alleges that the defendant as said trustee commenced an action in this court for the construction of the will of said Lord; that the plaintiff appeared, and a judgment was entered, by which it was finally adjudicated, among other things, that the plaintiff herein had a vested interest in and to a certain one-eleventh share in said estate, "which said one-eleventh share of interest of this plaintiff was then of the value of upwards of $10,000 to $15,000." The complaint further alleges that since the rendition of the judgment by which the rights of this plaintiff and others were determined the said trustee has sold the remaining real property belonging to the estate, and out of the proceeds and other assets of the estate in his hand first paid out large sums of money to others interested in and entitled to a share of the estate, but, though the plaintiff has duly demanded the payment of said one-eleventh share or interest so belonging to, and by said judgment held to be vested in, plaintiff, the defendant has neglected and refused, and still neglects and refuses, to pay the same. The plaintiff thereupon demands judgment for the sum of $10,000, with interest, or for whatever other sum may be found to be the present value of said one-eleventh share of said estate, inclusive of said interest thereon. The defendant demurred to the complaint upon the ground that the complaint does not state facts sufficient to constitute a cause of action; and that there is a defect of parties, in that the *cestuis que trustent* of the estate of defendant's testator other than the plaintiff are not made parties to the action. The court below held that, treated as a common-law action, the complaint does not state facts sufficient to constitute a cause of action, and, treated as an equity action, there was a defect of parties, and sustained the demurrer, and from the judgment thereupon entered this appeal is taken. It is clear that the adjudication of the court below was correct. There has been no accounting or determination showing the amount of the proportional share of the estate which the plaintiff is entitled to receive, and until that has been done it is evident that no action at law can be maintained. It is also apparent from the allegations in the complaint that, treated as an action for equitable relief, there is a defect of parties. It appears from the complaint that the plaintiff is only entitled to an undivided one-eleventh share of said estate, which has never been apportioned, which has never been set aside, and never determined. In the determination by an accounting of the amount of this share the other parties who are interested in the estate are necessary parties, because no binding determination of the amount of this share can be obtained without their presence. It is undoubtedly true that to sustain a demurrer on the ground of defect of parties it must appear that the party demurring has an interest in having such other parties made defendant, and

that, as a general rule, the plaintiff may choose for himself what persons he will·make defendants, and that, before a defendant can sustain a demurrer on account of non-joinder of a defendant, he must show that his interest requires that he should be made a party to the litigation. But in the case at bar these facts appear upon the face of the complaint. It appears that there has been no accounting; that the amount of the share of this plaintiff in the estate has never been definitely ascertained; and that it will be necessary, before a judgment can be rendered in his favor, that the amount of such share should be ascertained; and before the amount of that share can be ascertained it is necessary that all the other parties interested in the estate should be before the court, in order that there may be one accounting, a definite determination of all the interests of all the parties, and a decree entered which will be binding upon all those interested in the subject-matter. There seems to be no principle, therefore, upon which a complaint of this kind can be sustained, where objection is taken to its form. The judgment should be affirmed, with costs.