David J. Lees, as Receiver, etc., of Daniel H. Wickham and Others, Respondent, v. Eldin B. Hayden and Another, Appellants.

*Right of set off — effect of the assignment being set aside and a receiver appointed — lien created by filing a bill to set aside an assignment — effect of a decree setting aside an assignment.*

The filing of a bill in equity seeking to set aside an assignment and asking that all the assigned property, as far as it might be needed, should be applied to the satisfaction of a debt due to the judgment creditor, creates a lien upon all the assigned property in the form of choses in action.

When the law transfers the title of promissory notes from an assignee for the benefit of creditors to a receiver, there is no intervening gap during which the right to offset a counterclaim can attach; the right to such offset depends upon the condition of affairs existing at the time of the assignment made for the benefit of creditors.

A decree entered at the suit of a creditor does not set aside an assignment, made for the alleged benefit of creditors, absolutely, but only so far as the assignment prevents the suing creditor from realizing his debt out of the estate, and as between the assignor and assignee and the creditors not attacking the assignment, the assignment still remains in full force and effect.

Where the debtor of an assigned estate has no right of set-off as against an assignee, he has no right of set-off as against any creditor of the estate, who has acquired a lien upon the assigned property, when the result of such set-off would be to compel creditors of the assigned estate to pay the same.

Appeal by the defendants, Eldin B. Hayden and another, from a judgment of the Supreme Court in favor of the plaintiff, entered

in the office of the clerk of the county of New York on the 21st day of December, 1893, upon the verdict of a jury directed by the court after a trial at the New York Circuit.

*Geo. D. Beattys*, for the appellants.

*W. J. Townsend*, for the respondent.

VAN BRUNT, P. J.:

On the 27th of October, 1890, the firm of D. H. Wickham & Co. made an assignment for the benefit of creditors to one New-witter. At that time the defendant Eldin B. Hayden was indebted to the firm of D. H. Wickham & Co. for goods solds and delivered. Subsequently, and on the 6th of July, 1891, the said defendant executed and delivered to the assignee the promissory note in suit for the amount of such indebtedness payable on demand, which note when delivered was indorsed by the defendant Anna K. Hayden. On the 25th of May, 1892, in an action brought by a judgment creditor of D. H. Wickham & Co., the assignment to Newwitter was adjudged to be fraudulent and void and was set aside, and Newwitter was appointed receiver of the assets of the insolvent firm, and as such receiver became possessed of the note in suit. In September, 1892, the receiver made demand for the payment of the note, which was refused, and the note was protested for non-payment, of which the indorser had due notice. This suit was originally commenced in the name of Newwitter as receiver. During the pendency of the action one Lees was substituted in his place. In the answer the defendants pleaded a set-off based upon a draft made upon D. H. Wickham & Co., dated October 6, 1890, payable seven months after date, which draft did not mature till long after the assignment, and there is no proof as to when the draft came into the possession of the defendants. And the question involved is whether the defendants are entitled to set off the draft in question against the claim of the plaintiffs.

It is perfectly clear under the decision in the case of *Fera* v. *Wickham* (135 N. Y. 223) that if this action had been brought by the assignee of Wickham, no right of set-off would have existed because the draft in question was not due until after the assignment had been made. But it is urged upon the part of the defendants

that their right to set-off has accrued because such draft became due prior to the time of the commencement of the action for the setting aside of the assignment and the appointment of the receiver.

The question as to the rights of the parties resulting from the failure of proof as to the time when the draft came into the possession of the defendants, does not seem to have been raised by the objection to the admissibility of the draft.

The case of *Clark* v. *Brockway* (3 Keyes, 13) is an authority for the proposition that had this draft become due subsequent to the time of the commencement of the action, it could not have been the subject of a set-off, because the filing of the bill in equity seeking to set aside the assignment, and asking that all the assigned property, as far as might be needed, should be applied to the satisfaction of the debt of the judgment creditors, created a lien on all the assigned property in the form of choses in action. And it is there intimated that the law having transferred the title of the notes from the assignee to the receiver, there was no gap intervening during which the right to offset could attach. But no such question was involved in that case, and, therefore, the statement was a mere dictum. That the right to offset depends upon the condition of affairs existing at the time of the assignment seems to be evident when we consider that a decree entered at the suit of a creditor does not set aside the assignment absolutely, but only so far as it prevents the suing creditor from realizing his debt out of the estate, and that as between the assignor and the assignee, and the creditors not attacking the assignment, it still remains in full force and effect. The result then of allowing an offset where the claim had matured between the date of the assignment and the filing of a bill by a creditor, would be to take certain of the assets, which were properly applicable to the payment of the debt of the suing creditor, and compel him to seek satisfaction of his judgment from other assets belonging to the assigned estate. The result then would be that, by the allowance of such offset, funds which might otherwise be applied to the payment of the claims of creditors who did not attack the assignment would be diverted, and, hence, the offset would be virtually followed against them notwithstanding the fact of its having matured subsequent to the assignment. It seems to us that no such rule can obtain. Where the debtor of an assigned estate has no

right of set-off as against the assignee, how can he have a right of set-off as against any other creditor of the estate who has acquired a lien upon the assigned property, when the result of such set-off is to compel the creditors of the assigned estate to pay the same? It would be perhaps entirely different if by a proceeding of one or two or three creditors against an assignment such assignment was absolutely wiped out. But it is not. It is only set aside as to the creditors suing; it remains existent and valid as to all others. In this view it would appear that the right of set-off depends upon the state of facts existing at the time the assignment is made, the making of which assignment is the fact which gives the creditor the right to his preference.

The judgment should be affirmed, with costs.

PARKER, J., concurred; FOLLETT, J., concurred in the result.

Judgment affirmed, with costs.