## KAHN v. BROOKLYN TRUST CO.

(Supreme Court, Appellate Division, Second Department.　May 8, 1896.)

ACTION—WHO MAY SUE.

Plaintiff, a lawyer, agreed to contest a will for one S., and to receive as compensation one-half of whatever he might recover for her. After much litigation, a compromise was made by which the devisees under the will contributed to a trust fund the income of which was to be paid to S. duing her life, and, at her decease, the principal to revert to the contributors. The fund was paid to defendant on the trust specified. *Held*, that plaintiff could not recover from defendant a portion of the income of such trust fund, as he had no title to the money deposited with defendant, and no relation of debtor and creditor existed between them.

Appeal from Kings county court.

Action by Aaron Kahn against the Brooklyn Trust Company. A judgment rendered by a justice of the peace, in favor of plaintiff, was reversed by the county court, and plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Aaron Kahn, in pro. per.

E. H. Benn, for respondent.

PER CURIAM.　Mrs. Antoinette Schermerhorn was an heir at law and next of kin of Francis W. Lask, who died in February, 1889, leaving a will substantially disinheriting her. The plaintiff, a lawyer, and Mrs. Schermerhorn, entered into an agreement for the contest of the will, whereby the plaintiff was to render services in such actions and legal proceedings as might be necessary, and receive as compensation one-half of whatever he might obtain for his client. There was much and long litigation over the will. Finally, a compromise was made, by which it was agreed that three of the devisees under the will should contribute each one-third of a trust fund of $50,000, the income of which was to be paid to Mrs. Schermerhorn during her life, and, on her decease, the principal to revert to the three contributors. This agreement was carried out, and the fund was paid to the defendant upon the trust specified, together with $468, interest accumulated on the fund during the interval between the execution of the agreement and the time for the deposit. The plaintiff sued the defendant for one-half of this accumulated interest,—$234. He recovered before the justice, but the county court reversed the judgment.

One question of law is sufficient to dispose of this appeal. The plaintiff never had any title to the moneys deposited with the defendant, and no relation of debtor and creditor existed between the defendant and the plaintiff. Therefore, no action at law could be

maintained. The moneys proceeded from the three contributors, and were deposited upon a specified trust, under which the plaintiff was not a beneficiary. Even as to the beneficiary, all she took was a right to the performance of the trust in equity. It is not possible that her assignee (assuming, what is probably not the law, that the assignment is valid) can have any greater rights than the beneficiary has.

The judgment appealed from should be affirmed, with costs.