## HUSTED v. THOMSON.

(Supreme Court, Appellate Division, First Department.   June 19, 1896.)

TRUSTS—BENEFICIARIES—ACTION FOR DISTRIBUTIVE SHARE.

A person entitled to a share on distribution of a trust estate cannot sue the trustee at law for such share until the amount thereof has been determined on an accounting to which the distributee was a party.

Appeal from trial term, New York county.

Action by Gilbert M. Husted against David Thomson, as trustee of the estate of Benjamin Lord, deceased. From a judgment entered on a verdict directed by the court in favor of plaintiff for $6,717.62, and from an order denying a motion for a new trial, defendant appeals. Reversed.

The action was brought to recover the amount of plaintiff's interest in the estate of Benjamin Lord. The testator died July 5, 1851, leaving a will wherein he disposed of a considerable estate, consisting of real and personal property, and Augustus Cruikshank subsequently became a trustee under such will. The trustee brought an action for the construction of the will, and the settlement of the rights of the parties thereunder, and this plaintiff, Husted, was made a party defendant in that action. A decree was first entered therein in December, 1887; but that decree was set aside, and a new trial was had, and another decree was entered March 30, 1894, which, among other things, determined that this plaintiff, Husted, was entitled to the part or portion bequeathed and devised to Lavinia Knapp, being one eleventh part or share of the estate. There was in that action no accounting had as to the amount of the estate, or the amount which this plaintiff was entitled to be paid. An action was brought by some of the parties interested in the estate, against Cruikshank, as trustee, for an accounting, and to fix the amounts which such parties were entitled to receive as their share of the estate; and a final decree was entered in that action, March 6, 1890 (after the entry of the first decree, but before the second trial and the entry of the second decree in the former action), which determined that there was then in the hands of the trustee, after payment of the costs of the action, $87,653.83, which was on deposit in the United States Trust Company of New York City, and subject to the distribution among the persons interested in the estate; and it was provided in and by such decree that all persons not parties to that action, having an interest in the estate, not determined by that decree, might thereafter come in and be made parties thereto, and have their interests adjudicated and determined. This plaintiff was not a party, and never did apply to come in and be made a party to that action, and to have his interest in the estate determined, and the amount to which he was entitled never was determined in that action. There seems never to have been any determination as to the amount of the estate in the hands of the trustee after the second trial of the action for the construction of the will, and the entry of the decree therein of March 30, 1894, or the amount of the estate to which this plaintiff was entitled as the one-eleventh part of the estate. April 29, 1890, nearly two months after the entry of the decree in the action for an accounting by the trustee, and four years before the entry of the last decree in the action for the construction of the will, this plaintiff brought the present action against Cruikshank, as trustee. After the commencement of this action, Cruikshank died; and June 6, 1895, this defendant was substituted as a trustee in his place, and is now such trustee. The defendant testified that he had received, as trustee, $3,437.34, and had not received any other amount, in cash, securities, or property of any kind; that proceedings against Cruikshank's estate, for an accounting, had been commenced, and were still pending. The record shows that there was also a controversy as to the ownership, at the time of the trial, of the one-eleventh share of the estate claimed by this plaintiff.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

George P. Smith, for appellant.

Jacob F. Miller, for respondent.

WILLIAMS, J.   This is an action at law, and we are clearly of the opinion that it cannot be maintained upon the facts appearing in the record.   The general rule, well established, is that:

"The remedy of beneficiaries of a trust, against a trustee, where the trust is open and continuing, and the accounts of the trustee have not been settled and adjusted and a balance ascertained, is by an action for an accounting in equity; and an action at law, either for money had and received, or in any other form, will not lie in the first instance." Van Camp v. Searle, 147 N. Y. 150–161, 41 N. E. 427; Husted v. Cruikshank (Sup.) 14 N. Y. Supp. 526.

In the latter case, which is the same we are now considering, the court at general term in this department, on demurrer to the complaint, held that the action, being one at law, would not lie to recover plaintiff's share in this estate merely because it had been determined that the plaintiff was entitled to the one-eleventh part of the estate, there having been no accounting to determine the amount of such share which the trustee was to pay to the plaintiff.   It was not alleged in the complaint that the action hereinbefore referred to had been brought for an accounting, and the decree of March 6, 1890, had been entered.   This fact is alleged in the present complaint, and was proved on the trial; and it is claimed that upon this additional showing this action at law can be maintained.   We think not.   Even in the action for an accounting the amount of the share of this plaintiff was never ascertained at all.   And, even if it had been determined as of that date, still the action for a construction of the will had not then been determined.   Proceedings were subsequently had therein, another trial took place, and another decree was entered.   It is very likely that additional expenses were incurred by the trustee in that action, and a new accounting, to some extent, at least, would have been necessary in order to determine the precise amount of the fund in the hands of the trustee to be distributed, and the exact amount to be paid to each beneficiary under the will.   Moreover, this plaintiff never became a party to that action for an accounting, and it was not determined that at that time he, rather than his assignees, was entitled to be paid the amount of the one-eleventh interest in the estate, whatever the amount might be.   This action at law cannot, therefore, be maintained.   The plaintiff must, in the action for an accounting brought by others, become a party, and have the amount of his share definitely ascertained therein, or else bring a separate action himself for that purpose, and obtain the same relief in such action, before he can maintain such an action as this at law.   The theory of such an action as this is that the amount to which the plaintiff is entitled has been definitely ascertained by judicial determination, and that the trustees' only duty is to pay over.   In effect, the action is personal in its nature,—for a failure of duty on the part of the trustees.   It is in the nature of an action for money had

and received by the trustee for the plaintiff. Power v. Hathaway, 43 Barb. 214, 219. The original trustee having died, and the defendant having been substituted in his place, the action cannot be continued against him; it not being shown that he has received the money, or is under any personal obligation to pay what he had not received. Our conclusion is that the learned trial court erred in denying the defendant's motion to dismiss the complaint, and directing a verdict for the plaintiff.

The judgment should be reversed, with costs of the appeal, and judgment ordered for defendant, dismissing plaintiff's complaint, with costs. All concur.