(25 Misc. Rep. 724.)

## BISSELL v. CONTINENTAL TRUST CO.

(Supreme Court, Appellate Term. January 23, 1899.)

1. TRUSTS—LIABILITY OF TRUSTEE—FRAUD.

A trustee of an express trust is not bound to pay the income to the beneficiary, as provided in the trust, pending a proceeding to set the trust conveyance aside for the fraud of the trustor.

2. SAME—ACTION BY CESTUI QUE TRUST.

Where a trust estate is affected by a proceeding to set aside the trust conveyance for fraud, the cestui que trust cannot sue the trustee at law to enforce payment according to the terms of the trust.

Appeal from municipal court, borough of Manhattan, First district.

Action by Mary V. Y. Bissell against the Continental Trust Company. There was a judgment for defendant, and plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Nathaniel Cohen, for appellant.

Egerton L. Winthrop, Jr., for respondent.

BEEKMAN, P. J. It appears from the record that one Eugene V. N. Bissell, the husband of the plaintiff, being a member of the firm of E. Bissell, Son & Co., on April 1, 1896, transferred to his father all his right, title, and interest in said co-partnership; receiving from the latter, as the consideration for such sale, the sum of $11,000, which was evidenced by 11 promissory notes for the sum of $1,000 each, maturing at different dates, covering a long period of years, and upon which interest was to be paid in the meantime. On or about the 7th day of April of said year a deed of trust bearing date on said day was made and entered into between the said Eugene V. N. Bissell and the defendant, the Continental Trust Company, by the terms of which the said principal sum represented by the promissory notes was declared to be held, and the defendant declared that it received the same, in trust to hold and to collect and receive the income arising therefrom, and to apply the same to the use of Mary Valentine Bissell, the plaintiff herein, for her sole and separate use, maintenance, and support, during her life. The deed contains other provisions, with respect to the management of the trust and the disposition of the corpus of the estate after the death of Mrs. Bissell, to which it is not necessary to refer. The notes in question were immediately transferred to the trust company, which assumed, and is now performing, the trust. In March, 1898, an action was brought in the supreme court against Eugene V. N. Bissell, Mary Valentine Bissell, his wife (the plaintiff in this action), the Continental Trust Company, and others, by Bernard Schulick, a judgment creditor of Eugene V. N. Bissell, for the purpose of having the various transactions above mentioned set aside, on the ground that they were fraudulent, as against Bissell's creditors, and securing the payment of the amount due upon his judgment out of the proceeds of the notes in question. Up to that time the defendant had been paying to the plaintiff the income which it had received from time to time from the trust property. After the commencement of the judgment credit-

or's action above mentioned, however, it refused to make any further payments to the cestui que trust; and accordingly this action was instituted against it by her to recover the income which had been collected by the trustee, and which was then in its hands, amounting, as the defendant admits, to the net sum of $327, after the deduction of its lawful commissions.    The defendant maintains that by reason of the commencement of the judgment creditor's action the property in its hands was affected by an equitable lien or charge, which requires it, for its own protection, to retain the proceeds of the trust until such action shall have been determined, for the reason that, should it make any payment to the cestui que trust in the meantime, it might ultimately be compelled to account for the same to Schulick, should he prevail in the action which he has brought.    The court below took this view of the case, and dismissed the complaint, and from the judgment thus rendered this appeal has been taken.

It is well settled that a judgment creditor by the commencement of such an action acquires a lien upon the equitable assets of the judgment debtor, which is good against all persons who had knowledge, or are chargeable with knowledge, of such lien.    Jeffres v. Cochrane, 47 Barb. 557, affirmed 48 N. Y. 671; Tolles v. Wood, 99 N. Y. 616, 1 N. E. 251; Knower v. Bank, 124 N. Y. 552, 559, 27 N. E. 247; Lees v. Hayden, 78 Hun, 370, 29 N. Y. Supp. 179.    There can, therefore, be no doubt that the effect of the commencement of the action in question against the defendant was to subject the property held by it under the trust deed to such a charge, which was effective enough, should the judgment creditor prevail, to require the defendant to account for the trust property and its proceeds as of the date when the suit was begun.    It is manifest, therefore, that the defendant properly refused to pay over the income in question to the plaintiff.    It was not bound to take the risk of being subjected to a second liability for the same fund.

But it is urged that where no receiver has been appointed or injunction issued in such an action, as is the case here, the defendant is fully protected in paying over the money under legal process, and that the existence of an equitable lien or charge of the nature above referred to is therefore no defense to an action brought by the proper person for the recovery of such money.    But, even conceding that there may be authority tending to support this claim, it still does not follow that this action may be sustained.    The rule ordinarily is that a cestui que trust, in the case of such a trust as we have here, cannot sue the trustee in an action at law, but must proceed against him in equity for its enforcement.    Van Camp v. Searle, 147 N. Y. 150, 161, 41 N. E. 427; Husted v. Thomson, 7 App. Div. 66, 39 N. Y. Supp. 971.    See, also, as somewhat bearing on the question, Kahn v. Trust Co., 5 App. Div. 495, 38 N. Y. Supp. 1059.    It is true that this rule is subject to the exception that where the amount claimed by the beneficiary has been incontestably fixed and ascertained, and where the duty of the trustee to pay over the same is unquestionable, so that his failure to do so is an act of misconduct, he may be pursued in a court of law. But that is not the case here.    The defendant was not bound to pay the plaintiff the money she seeks to recover, in such a sense as to justify the maintenance of this action in a court of law, possessing no equitable

jurisdiction. If the plaintiff considers that she is entitled to relief, it should be sought on the equity side of this court, to which jurisdiction for the enforcement of trusts properly belongs, and where such a judgment can be rendered, upon a consideration of the facts of the case, as may be agreeable to equity. It may well be—although I do not undertake to decide the question here—that the court, upon proper conditions, may grant some measure of relief to the plaintiff, which shall be consistent with the due protection of the trustee. The complaint was properly dismissed, and the judgment should therefore be affirmed.

Judgment affirmed, with costs. All concur.