Jacob J. Schwartzwald, J.
Defendants move to dismiss the complaint under rule 107 of the Buies of Civil Practice on the ground that this action is barred by the settlement of the prior action between the same parties and the resulting general release which plaintiff gave movants in confirmation thereof.
Examination of the submitted papers, including plaintiff’s verified complaint, shows plaintiff’s contention to be that the prior City Court action involved a breach of warranty predicated on defendants’ defective workmanship and failure to make timely deliveries of the manufactured product. That the action was settled is not disputed. In the instant action plaintiff claims the defendants breached ‘ ‘ an arrangement of exclusiveness ’ ’ and for damages arising out of the alleged breach. Therefore the two actions are dissimilar, since each is grounded on different theories.
Movants, in support of their posture, submit to the court copies of the stipulation entered in the record in the City Court action and the general release with the stated consideration shown to have been paid in settlement of such litigation. The issue to be resolved here is not as to the form of the two actions but inquiry is made as to whether the instant action presents questions that were necessarily involved in and determined by the settlement in the prior City Court action. As stated in Statter v. Statter (2 N Y 2d 668, 673) as here pertinent: “ further judicial consideration in a second action should be denied if the subject of the second suit is so inextricably involved with that of the first that it must have entered into the composition of the first judgment. Chief Judge Cardozo [Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304] said: ‘ A judgment in one action is conclusive in a later one not only as to matters actually *503 litigated therein, hut also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first.’” (Bialostok v. Wolfer, 191 Misc. 385.)
From the papers examined it clearly appears that matters now being contested were not heretofore litigated and decided by the settlement in the prior action. Albeit the parties are the same, the causes of action differ. One who seeks the benefit of a prior adjudication must present clear proof that such adjudication has been made. (Bell v. Merrifield, 109 N. Y. 202, 211.) There being uncertainty, the determination in the City Court is not conclusive (Lyman v. Billy Rose’s Exposition Spectacles, 267 App. Div. 532, 534).
The contention of the defendants I find to be without merit; the motion is accordingly denied.