Clare J. Hoyt, J.
Plaintiff moves for summary judgment in its action against defendant County of Westchester pursuant to section 583 of the Westchester County Administrative Code (L. 1948, ch. 852, as amd.) to recover a judgment in the amount of $234,429.54 for unpaid State, county and town taxes for the years 1960, 1961, 1962 and 1963 and for unpaid school taxes for the years 1960, 1961 and 1962 and the interest and penalties accrued thereon to date of payment in accordance with the provisions of the Westchester County Administrative Code.
The taxes sought to be collected were levied upon certain property owned by the defendant county comprising a part of the Westchester County Airport which property has been determined to be taxable by the plaintiff (Town of Harrison v. County of Westchester, 34 Misc 2d 1020, affd. 18 A D 2d 1136, affd. 13 NY 2d 258).
The original answer of the defendant county contained general denials of plaintiff’s several allegations of the amounts due it for the various tax periods, and cross claims pursuant to CPLR 3019 (subd. [b]) against the cross defendants County Airport Corporation, Westchester Hangar E, Inc., General Electric Company, American Can Company, and U. S. Industries, Inc. The first cause of action in the cross complaint, asserted against *424 all the cross defendants, is based upon the claim that the property was held to be taxable because it was being employed for private purposes and that the cross defendants in putting the property to private use violated their agreement that the property would be operated for the benefit of the public. It is claimed that this violation makes the cross defendants liable to the defendant county for any liability that may be found against it in favor of the plaintiff. The second cause of action asserted by the cross claimant is against the cross defendants American Can Company and General Electric Company. It alleges that they, as subtenants, agreed to pay, inter alia, taxes on the premises demised to them and that this agreement between the cross defendants and their lessor, another cross defendant, inures to the benefit of the cross claimant and judgment is thus sought against them for their proportionate share of the tax.
The motion herein was made upon the service of this answer and cross complaint upon the plaintiff and cross defendants.
Upon the return of the motion the defendant and cross claimant sought an adjournment to permit the cross defendants to interpose answers to the defendant’s cross claim and plaintiff’s complaint. Disposition of the motion was deferred to permit the filing’ of answers by the cross defendants. These answers alleged as affirmative defenses: (1) that plaintiff’s sole and exclusive remedy for the collection of any unpaid taxes is by way of a mandamus proceeding under section 995 of the Real Property Tax Law and that this action under section 583 of the Westchester County Administrative Code does not lie, and (2) that the maximum rate of interest due plaintiff on any unpaid tax is 3% per annum under section 3-a of the General Municipal Law.
The defendant county was thereupon, by stipulation, permitted to amend its answer to include two affirmative defenses: (1) that section 995 of the Real Property Tax Law was plaintiff’s sole and exclusive remedy and (2) that plaintiff sold the transfers of tax liens on the property in question, that plaintiff purchased said transfers of tax liens and, that as purchaser thereof, plaintiff elected to foreclose the liens as its sole and exclusive remedy to collect the taxes pursuant to subdivision (b) of section 560 of the Westchester County Administrative Code.
Upon this motion the cross defendants have not attacked the cross claims made against them by the defendant, rather they have joined the defendant in seeking a dismissal of the complaint. The issues thus presented, all of which may be disposed *425 of in this motion for summary judgment, are: (1) whether plaintiff may proceed with this action or is it relegated to a proceeding under section 995 of the Real Property Tax Law, (2) whether plaintiff as the purchaser of the transfer of tax liens elected to foreclose the liens as its sole remedy and (3) if the plaintiff may recover in this action, whether its recovery of interest is limited to 3% per annum by the provisions of section 3-a of the General Municipal Law instead of the 12% interest specified in the Westchester County Administrative Code (art. 16, §§ 542, 558).
Plaintiff’s action is brought under section 583 of the Westchester County Administrative Code (art. 16) which provides in part: “ Notwithstanding any general, special or local law to the contrary, whenever any tax or local assessment levied ox-assessed upoxx or agaixxst the property of any persoxx, corporatioxx, public or private, or copa x-tnership, with the fees, penalties, additions axxd expenses, which by this article have been added thereto, shall at axxy time remaiix unpaid, such unpaid tax ox-assessment shall become the personal liability of the owner of the property, and the supervisor shall whexx directed by the town board maintain axx action in the name of the town against the owner or owners of such property for the amount of such tax, penalties, interest, fees, additions axxd expenses remaining unpaid axxd uncollected for more than one year upon or against the property of axxy person, cox-poratioxx, public or private, or copartnership liable for such tax or assessment, or the representatives of such person, corporation, public or private, or copartnership, in the county court or in the supreme court of the ninth judicial district, with like effect as in civil actions generally under the civil practice act, with the right to ixxstitute supplemexxtary proceedings upon such judgmexxt irrespective of the amouxxt of the judgment recovered. ’ ’
There is no qxxestioxx as to plaintiff’s compliance with this sectioxx. The defendant’s and cross defendants’ position simply is that this sectioxx was by implication repealed by section 995 of the Real Property Tax Law which provides: “ Real property owxxed by a municipal corporation shall not be sold or coxxveyed by foreclosure or otherwise for the noxxpayment of any tax ox-special assessmexxt. Any tax or special assessment validly levied or charged against real property owxxed by a muxxicipal corporatioxx shall be paid ixx the same maxxner as a general xxxuxxicipal charge. If axxy such tax or special assessmexxt remains unpaid for more than sixty days after demand therefor ixx writing has beexx filed with the chief executive officer or clerk of such muxxicipal corporation, payment may be enforced by a pro *426 ceeding brought pursuant to article seventy-eight of the civil practice act. If the municipal corporation owning the real property determines that the value thereof is insufficient to justify payment of-- the tax or special assessment levied thereon, in lieu of payment it may consent to an order directing sale of the property at public auction on such notice as the court may order to satisfy the claim.”
Both sections relate to this county-owned property, the latter section since it and its predecessor statute (former section 4-b of the Tax Law; L. 1958, ch. 890) relate only to real property owned by a municipal corporation, and the former section since it includes property of any corporation, public or private. “A public corporation shall be either, 1. A municipal corporation, 2.” (General Corporation Law, § 2). However, nothing in section 995 of the Beal Property Tax Law indicates an intent to repeal any section of the Westchester County Administrative Code, including' section 583 thereof. This provision of the Beal Property Tax Law does prohibit sale or conveyance by foreclosure or otherwise of municipally owned real property for nonpayment of taxes but it does not make the remedy therein granted, a. proceeding under article 78 of the Civil Practice Act (now CPLB), an exclusive remedy.
When there are no words of explicit repeal in a later statute, it does not repeal by implication a former statute, unless the later statute is so repugnant to the former that they cannot exist together (People ex rel. Lawrence v. Board of Supervisors, 73 N. Y. 173). One statute prohibits tax lien foreclosure sales and enforces payment by an article 78 order and the other statute enforces payment by securing a money judgment, alternatives which are not repugnant.
An examination of the introductory articles in the Beal Property Tax Law and specific sections thereof dispels any intent to repeal section 583 of the Westchester County Administrative Code. The Advisory Committee to the Board of Equalization and Assessment stated: ‘ ‘ It is the purpose of this chapter to codify in a new consolidated law, all of the provisions of general application in the Tax LaAV * * *. It is the intent of this recodification to arrange, simplify and restate the general laws relating to the assessment and taxation of real property without substantive change” (L. 1958, ch. 959, n.). In the introduction of the Beal Property Tax Law, the counsel to the New York State Board of Equalization and Assessment Avrote: “ The primary objective of the Beal Property Tax Law was to bring together all of the general laivs relating to real *427 property assessment and taxation into a separate Consolidated Law. * * * This new law is in the main a restatement of the existing law and purports to make no substantive revision except minor procedural changes.” (McKinney’s Cons. Laws of N. Y., Book 49A, Real Property Tax, p. XXXII.)
Specific provisions of the Real Property Tax Law vitiate the argument for repeal. One is section 1606 which provides:' ‘ This chapter shall not be deemed to repeal or otherwise affect the provisions of any special or local law or ordinance or of any county, city or village charter, or other special form of government, it being the intention of the legislature that the same shall continue in full force and effect until and unless otherwise duly amended, repealed or affected.” Another is section 1612 which provides: “No existing right or remedy of any character shall be lost, impaired or affected by reason of this chapter, nor shall the validity of any action taken by a public official under the law in force immediately prior to the time this chapter shall take effect be affected by the enactment of this chapter.”
Although the Legislature in 1962 (L. 1962, chs. 386, 388) extensively revised several sections of the Westchester County Tax Law, it left intact section 583, which as previously noted begins “Notwithstanding any general, special or local law to the contrary * * * any tax * * * against the property * * * of any corporation, public or private * * * shall become the personal liability of the owner * * * and the supervisor shall * * * maintain an action * * * against the owner or owners of such property ”.
The defense of the county that plaintiff having purchased the tax liens, elected to foreclose thereon, which became its only remedy, is likewise without merit. The court need not determine whether a proceeding to foreclose the tax lien under section 568 of the Westchester County Administrative Code may be had in view of section 995 of the Real Property Tax Law. However, section 585 of the Westchester County Administrative Code, amended by the Legislature in 1962 (L. 1962, ch. 386) shows clearly that the plaintiff has several means of collecting its taxes. “ The actions to enforce personal liability and the foreclosure actions herein provided for are in addition to the other methods provided for the collection of taxes by the towns of the county of Westchester ”.
That leaves for determination the question of the penalties and interest due the plaintiff on the unpaid taxes. Cross defendants maintain that by virtue of section 3-a of the General Municipal Law, the plaintiff may not receive in excess of 3% *428 per annum. This section, enacted in 1939 to provide for a limit of 4% and amended in 1956 (L. 1956, ch. 691) to provide a limit of 3% provides:
“ § 3-a. Rate of interest on judgments and accrued claims ag'ainst municipal corporations.
“ 1. Except as provided in subdivision two of this section, the rate of interest to be paid by a municipal corporation upon any judgment or accrued claim against the municipal corporation shall not exceed three per centum per annum. ’ ’
Cross defendants contend that plaintiff’s claim against the defendant county is an accrued claim in the language of the statute and that since the General Municipal Law’s section limiting the interest was enacted subsequent to the provisions of the Westchester County Administrative Code fixing penalties and interest at 12% in the case of delinquencies of the duration here involved, the General Municipal Law provision controls and in effect repeals by implication the provision of the Westchester County Administrative Code.
The court cannot accept this position. The General Municipal Law preceded the enactment of the Westchester County Administrative Code, the only .subsequent enactment relevant to this matter being an amendment reducing the permitted interest from 4 to 3% per annum.
Sections 542 and 558 of the Westchester County Administrative Code provide for the scale of penalties for the neglect to pay taxes and the inclusion of such penalties in the tax lien. These sections in their present form were amended (L. 1962, chs. 386, 388) subsequent to the amendment to the General Municipal Law. There, thus, can be no argument that their provision was repealed by the General Municipal Law. The statute under which this action was brought, section 583 of the Westchester County Administrative Code, as previously quoted, provides that the action be brought when the tax with the fees, penalties, additions and expenses remains unpaid for the amount of such tax, penalties, interest, fees, additions and expenses, the penalties and additions being those added by the Westchester County Tax Law (Westchester County Administrative Code, art. 16).
This is more than an accrued claim or judgment against the defendant county. It is a claim for taxes, the penalties and interest being as much a part of the claim as the tax itself before the additions thereto because of the delinquency.
Plaintiff’s motion for summary judgment is thus granted. The amount of the judgment can be computed to the date of its entry as prayed for in the complaint.