John P. Donohoe, J.
This motion for an order granting summary judgment in favor of the plaintiff and against the defendant, the County of Westchester, for the amount demanded in the complaint and for a severance of the action between the County of Westchester, as cross claimant, and County Airport Corporation, as cross defendant, pursuant to the provisions of CPLR 3212 is granted.
This action was commenced by the Town of Harrison against Westchester County to recover unpaid State, county, town and school taxes, together with interest, penalties and charges for the years 1955 through 1964, inclusive. It is the fourth in a series of actions directed to the same eventual objective. In an earlier action, referred to as No. 2, which was consolidated with Action No. 1, the issue of taxability of real property belonging to the county was litigated. As a result, a judgment was entered declaring the subject property taxable, and said judgment was affirmed by the Court of Appeals on December 30, 1963. (13 NY 2d 258.)
In the instant action, taxable status is not in issue. The defendant claims, rather, in the affidavits in opposition to the motion, that the assessment has not been levied in accordance *1037 with the statutory requirments for the levying and collecting of taxes on real property. Specifically, the county contends (1) that the Supervisor failed to deliver tax warrants to the Receiver of Taxes at least 10 days before the time fixed for collection of town taxes for the years 1956, 1958, 1959, 1960 and 1961 and of school taxes for the years 1956, 1957, 1958, 1959 and 1961 in violation of subdivision (a) of section 550 of the Westchester County Administrative Code; (2) that the warrants were not attached to the assessment rolls in each of the listed instances on the date of delivery of warrants to the Receiver of Taxes, and are still not attached thereto, despite recital of attachment upon the assessment rolls; (3) that the Receiver of Taxes failed to post and publish notice of the collection of taxes within seven days after receipt of the warrants in violation of subdivision (c) of section 550 of the Westchester County Administrative Code (L. 1948, ch. 852, as amd. by L. 1962, eh. 386, § 10); (4) that apportionment of Lot 8 into Lots 8 and 8A, the latter constituting the taxable portion, was illegal as a violation of section 565 of the Westchester County Administrative Code, in that the statute permits apportionment only on application of an owner, mortgagee or prospective purchaser. The applications, one by the Supervisor to apportion, the other by the Assessor to insert an omitted assessment, were both made by officials of the town rather than by owners, mortgagees or prospective purchasers; (5) that the amounts claimed for State, county, town and school taxes for 1955, 1956 and 1957 did not appear on tax rolls, but instead in records in tax lien books, which the county claims were altered. Further, certification of the delinquent tax list from the rolls, as required by section 554 of the code, was not made; (6) numerous mechanical errors, erasures and alterations in the tax rolls and tax lien books are alleged; (7) that the entries in the tax rolls for the years 1955, 1956 and 1957 were stricken out.
Finally, the county claims that the Town of Harrison, has, since 1946, levied taxes against Hutchinson River Parkway, a county roadway, and that it has failed to cancel taxes on airport property found to be exempt in Action No. 2. No merit at all is found in this contention, as it does not even involve the same items of taxes.
The plaintiff contends, on this motion, that the defendant is barred from raising the various defenses mentioned by the doctrine of res judicata. With that argument in mind the pleadings in Action No. 2 as consolidated with Action No. 1 have been examined in full. The examination disclosed that the complaint did allege the erroneous inclusion of Hangar D with *1038 other lands of the county in the original assessment and the apportionment of the premises into Lots 8 and 8A by. petition, and inclusion of Hangar D in the list of taxable property, under the provisions of article 16 of the Westchester County Administrative Code, upon notice to "the County of Westchester pursuant to such resolution of the Town Board. The assessment rolls for the years 1954 through 1958, inclusive, were corrected. The answer denied the material allegations of the complaint in that respect. That issue was thus established in the pleadings and could clearly have been litigated in that action. The judgment in Action Ño. 2 was res judicata on the issue of division of Lot 8 into two lots and insertion of the assessment of Hangar D in the rolls. (Pagano v. Arnstein, 292 N. Y. 326, 331.) It is not found, however, that the other issues raised by the defendants in this action were raised in the earlier action. With respect to res judicata, then, the question arises whether those issues could have been litigated and determined. In the opinion of this court, they could not.
Actions No. 1 and No. 2 had as their immediate objectives the establishment of taxable status of the lands assessed. They sought declaratory judgment of such status and succeeded in obtaining it. The facts of nonpayment, imposition of penalties and mechanics of the assessment, levying and collection procedures were not in issue. They are the issues in this action for a sum of money. The issues in this case are not ones which could be supported by the same evidence adduced by the parties in Actions No. 1 and No. 2, whose proof was directed to taxable status as municipally owned property dedicated to proprietary uses and purposes. (Bell v. Merrifield, 109 N. Y. 202; Active Doll Corp. v. Lujan, Inc., 38 Misc 2d 502.)
Furthermore, this defense is not properly raised on this motion because the defendant failed to avail itself of the exclusive remedy provided by section 557 of the Westchester County Administrative Code. That statute specifically limits an aggrieved party to application for a writ of certiorari within 15 days after the determination by the Town Board to include the property in the assessment roll.
The defenses raised by the defendant in its affidavits on this motion fail because they have not been pleaded. The answers contain only general denials of the allegations of the complaint and an affirmative defense which is based upon a claimed implicit repeal of the applicable provisions of the Westchester County Administrative Code, to be dealt with hereafter in this opinion.
The defects which defendants here state existed are not *1039 provable unless pleaded. The answer therefore does not create triable issues of fact with respect to them.
Section 1134 of the Real Property Tax Law creates a statutory presumption of validity of the ‘ ‘ various steps, procedures and notices for the assessment and levy of the taxes ”. The section goes on to require that ‘ ‘ A defendant alleging any jurisdictional defect or invalidity in the tax or in the sale thereof must particularly specify in his answer such jurisdictional defect or invalidity and must affirmatively establish such defense. ’ ’ This section is embodied in title 3 of article II of the act, which is entitled “ Foreclosure of Tax Lien by Action in Rem”. At first glance, it would appear to be inapplicable to the present proceeding, which is an action to establish in personam liability for unpaid taxes. Critical examination of the question leads to the contrary conclusion.
The Westchester County Administrative Code, under which the action was brought, is silent on the matter of presumption of validity, so that resort must be had to the general construction provisions of the code for clarification. It says, in section 611, that ‘ ‘ Every provision of the general laws of the state of New York applicable to the county of Westchester shall prevail where no similar or comparable provision is made by or can fairly be inferred from this act or the county charter ”. Thus, in the absence of the local law’s covering the same ground, section 1134 is deemed to control, if not otherwise inapplicable.
The limitation of section 1134 to foreclosures by action in rem is a general statute, applicable to the situations almost universally encountered where the only procedure for enforcement of tax liens is to obtain such satisfaction as can be had from the property itself. The Westchester County Administrative Code has simply added a remedy, under section 583. This provision renders the unpaid tax a personal liability of the owner of the property, recoverable in a civil action. The addition of a remedy does not suffice to delete or nullify the presumption of validity. The defendant is not thereby precluded from pleading specifically the defenses upon which it depends. No persuasive distinction can be drawn upon the sole basis of election of the remedy of a civil action, rather than the foreclosure of the lien. Indeed, it is more than ever incumbent upon the defendant to particularize such affirmative defenses as it may claim to have arisen from mechanical defects in assessment and levying procedures.
Defendants finally argue that the plaintiff’s exclusive remedy for the collection of these unpaid taxes is a proceeding under *1040 article 78 of the CPLR, pursuant to the provisions of section 995 of the Real Property Tax Law. This defense is affirmatively pleaded in the answer. The court notes that a determination of the question so raised has been made with respect to the tax years 1960 through 1963, inclusive, in Action No. 3 (44 Misc 2d 422 [Hoyt, J.]). In that action, summary judgment was granted to the plaintiff, and this court accords with the views expressed in the opinion therein.
Section 995 says: “ Real property owned by a municipal corporation shall not be sold or conveyed by foreclosure or otherwise for the nonpayment of any tax or special assessment. Any tax or special assessment validly levied or charged against real property owned by a municipal corporation shall be paid in the same manner as a general municipal charge. If any such tax or special assessment remains unpaid for more than sixty days after demand therefor in writing has been filed with the chief executive officer or cleric of such municipal corporation, payment may be enforced by a proceeding brought pursuant to article seventy-eight of the civil practice act. If the municipal corporation owning the real property determines that the value thereof is insufficient to justify payment of the tax or special assessment levied thereon, in lieu of payment it may consent to an order directing sale of the property at public auction on such notice as the court may order to satisfy the claim.” (Emphasis added.)
It does not repeal the code because (1) it does not specifically repeal it, (2) it does not by its language purport to create an exclusive remedy, (3) the doctrine of implicit repeal is not recognized (People ex rel. Lawrence v. Board of Supervisors of the County of Westchester, 73 N. Y. 173, 176; Gerry v. Volger, 252 App. Div. 217 and the cases therein cited) where their provisions are not mutually repugnant, (4) section 615 of the code states that “ No law hereafter enacted shall be construed to repeal any provision of this act by implication, but every such provision shall be deemed to be in full force and effect until specifically amended or repealed,” (5) section 1606 of the Real Property Tax Law, a portion of article 16 which deals with construction, says: “ This chapter shall not be deemed to repeal or otherwise affect the provisions of any special or local law or ordinance or of any county, city or village charter * * * it being the intention of the legislature that the same shall continue in full force and effect until and unless otherwise duly amended, repealed or affected ”, (6) the memorandum of the Advisory Committee to the Board of Equalization and Assessment on the Real Property Tax Law made it clear that *1041 it was a consolidation, recodification, rearrangement, simplification and restatement of general laws relating to assessment and taxation of real property and (7) the schedule of laws repealed set forth in section 1616 of the Beal Property Tax Law, does not list any portion of the Westchester County Administrative Code.
Finally, defendants argue that unpaid taxes, if any, should bear interest at a rate not to exceed 3%, rather than the rate of 12% at which the plaintiff claims it has accrued. Defendants rely upon section 3-a of the General Municipal Law which says, in substance, that the rate of interest on claims which have accrued against a municipal corporation shall not exceed 3%. Sections 542 and 558 of the Westchester County Administrative Code, on the other hand, provide interest and penalties of 12% on claims as old as these.
In this case, the statutes relied upon by the plaintiff are of more recent enactment those that cited by the defendants. Section 3-a of the General Municipal Law was enacted in 1939 and the code sections cited in 1957 and 1958, respectively. The sole amendment of sections 3-a, in the rate of interest allowed was enacted in 1956. Consequently, there was no implied repeal. Neither was there an express one. The code sections, providing interest of the rate of 12% per annum control.