■ In the Matter of TOWN OF HARRISON, Respondent, v. ANTHONY N. CATALANO, as Commissioner of Finance of the County of Westchester, et al., Appellants.— Judgment of the Supreme Court, Westchester County, dated October 18, 1967, modified, on the law, by striking out (1) the second decretal provision, which adjudges that petitioner is entitled to 12% interest per annum on indicated amounts and for indicated periods of time, namely, to March 16, 1967, to October 1, 1967 and to "the date of final and complete payment"; (2) the paragraph immediately preceding, and which is introductory to, said decretal provision; and (3) so much of the third decretal provision, and so much of the introductory paragraph immediately preceding that provision, as relates to, and awards petitioner, 12% interest per annum for 30 days for the tax years 1955, 1956 and 1957 and as states, "making a total of $4,112.89." As so modified, judgment affirmed, without costs. Findings of fact upon which the portions of the judgment herein struck out were based have not been considered. This proceeding, pursuant to section 70 of the General Municipal Law, is to compel payment of a judgment in favor of the Town of Harrison against the County of Westchester, dated June 7, 1965, in designated Action No. 4, which judgment has been reinstated and affirmed in all respects by the Court of Appeals (*Town of Harrison* v. *County of Westchester*, 46 Misc 2d 1035, mod. 25 A D 2d 759, mod. 18 N Y 2d 876, remittitur amd. 19 N Y 2d 860). It is conceded that the County on March 16, 1967 made payment to the town of $594,602.47 which represents the principal and interest, as explicitly set forth in the June 7, 1965 judgment. In the proceeding under review, the town has been successful in being awarded several other items of interest under differing classifications. As to the 3% per annum interest awarded with respect to that portion of the June 7, 1965 judgment ($220,270.58) upon which no post-judgment interest was ever affixed or awarded, we think the judgment under review is correct. The town is entitled to post-judgment interest in this aspect just as any other judgment creditor would be (CPLR 5003). The 12% post-judgment interest specifically awarded in the 1965 judgment as to the balance of the face of the judgment ($293,704.09) has been paid, and relates only to the amounts due for *taxes* and *tax liens* for the years 1958 through 1963. That leads us directly into the primary area of our modification here. The judgment now under review grants the town 12% interest upon the sum of $117,585.23, representing the tax liens for years 1955, 1956 and 1957, as a condition to the surrender of said liens to the County. The trouble with this award is that it relates to a substantive matter that has not been previously adjudicated, was not part of Action No. 4, was not part of the 1965 judgment itself, and cannot now be made part of that judgment by this court without a plenary trial of the issues. Action No. 4 had two main categories: a money judgment was sought as to taxes due for 1955, 1956 and 1957; and a money judgment was sought as *taxes* due and *tax liens* previously sold for the years 1958 through 1963. When the action was begun the tax liens for 1955,

1956 and 1957 had not been sold and they were only sold to the town a few weeks prior to the time the 1965 judgment was rendered. Thus, it would be a grave usurpation of jurisdiction and a serious injustice to the county to permit the town in. this type of enforcement-of-payment proceeding to collect special additional interest at 12% for a tax lien situation that was never previously tested on the merits and is not part of the judgment whose payment is sought to be compelled. This is not merely an academic distinction because the County seriously and forcefully argues about the legality of the sale of the 1955, 1956 and 1957 tax liens. This is simply not the proceeding in which that question may rightfully be resolved. As to the award under review for 12% interest with respect to tax liens for years 1955, 1956 and 1957, it is plain that the 1965 judgment did not make such an award; it is also plain that that judgment did give this special additional interest penalty for tax years 1958 through 1963 because the tax liens for those years were at issue and were adjudicated. We cannot, at this late date and in this proceeding, permit an amendment of the 1965 judgment on such a serious substantive matter. Section 564 of the Westchester County Administrative Code (L. 1948, ch. 852, as amd.) does apply even where a municipality is the purchaser of the tax lien and we would affirm the award of an additional 30 days' 12% interest as to all the tax liens involved, except that we must modify in one particular. Just as we stated above, the 1955, 1956 and 1957 tax liens are not properly before the court in this proceeding or via the 1965 judgment. Thus, the special 30-day interest penalty applicable to tax liens must be struck out insofar as it relates to years 1955, 1956 and 1957; and the award insofar as it relates to tax liens · adjudicated for years 1958 through 1963 should be affirmed. The last item in the judgment under review is akin to the one last discussed hereinabove. It is an award of 12% interest for an additional 30 days, pursuant to section 564 of the Westchester County Administrative Code, with respect to an entirely separate judgment (in Action No. 5) between these parties. We affirm this aspect of the judgment because the county made it clear at the hearing that it consented to this matter being presented to the court for adjudication; further, the county joined Action No. 4 (the 1965 judgment) and Action No. 5 in its 1967 attempt to make payment into court in satisfaction of all judgments outstanding against it. Unlike the 1955, 1956 and 1957 tax lien issue, this aspect is not substantive and may, in view of the actions of the parties, be resolved as has been done in the judgment under review. Beldock, P. J., Christ, Brennan, Rabin and Benjamin, JJ., concur.